Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4580 | **DATE** | 4/22/2002 |
| **CASE TITLE** | Joan Schmude vs. Michael Sheahan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Motion of Defendant, William Spatz, to remand this case to the Circuit Court of Cook County is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 2 3 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 44 |
| | Copy to judge/magistrate judge. | | | |
| EF | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOAN SCHMUDE, individually and as administrator of the Estate of Louis Schmude, | ) ) ) | |
| Plaintiff, | ) | No. 00 C 4580 |
| vs. | ) ) | HONORABLE CHARLES R. NORGLE |
| MICHAEL SHEAHAN, Cook County Sheriff, WILLIAM SPATZ, PATRICIA PULTZ, and LARRY KOSCIANSKI, | ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

CHARLES R. NORGLE, SR. District Judge

Before the court is the motion of Defendant, William Spatz, to remand this case to the Circuit Court of Cook County. The motion is opposed by the removing Defendant, the Sheriff of Cook County. For the following reasons, the motion is denied.

## I. BACKGROUND

This case arises out of the death of Louis Schmude while he was in the custody of the Cook County Sheriff's Department. Plaintiff (hereinafter "the Estate")[1] claims that Defendants are liable under 42 U.S.C. § 1983 and various state law theories for damages arising out of Schmude's death. A detailed background concerning the timing of various pleadings is necessary to place the instant motion to remand in context.

On June 20, 2000, the Estate filed its original complaint in the Circuit Court of Cook County. The original complaint named only one Defendant, the Sheriff of Cook County. The Sheriff was

---

[1] Plaintiff is Joan Schmude individually and as executor of the Estate, which the court will refer to as the Estate for clarity.

served with the complaint on June 27, 2000. On July 26, 2000, a judge in the Circuit Court of Cook Count granted the Estate leave to file an amended complaint, naming three individual Sheriff's Deputies, William Spatz, Patricia Pultz, and Larry Koscianski, as additional Defendants.

On July 27, 2000, the Sheriff filed a notice of removal in this court. Attached to the Sheriff's notice of removal was a copy of the original complaint, which named only the Sheriff as Defendant. At the time of removal, it is undisputed that the Sheriff was the only Defendant that had been served with process.[2]

After removal, the individual Defendants did not appear, answer, or otherwise plead. On December 12, 2000, the Estate filed a motion for default. On December 22, 2000, counsel for Spatz and Koscianski filed their appearances, and also filed motions to be appointed special state's attorneys in their representation of Spatz and Koscianski. The court stayed discovery at least until it decided the motions concerning appointment of special state's attorneys.

Five days later, on December 27, 2000, Spatz filed a motion to remand, and a separate motion to stay or extend his time to answer or otherwise plead. Also on December 27, 2000, counsel for Pultz filed an appearance. The court took under advisement Spatz's and Koscianski's motions to have their counsel be appointed special state's attorneys. On December 29, 2000, the court stayed all proceedings in the case until further notice.

---

[2]There are disputes concerning service of process on the individual Defendants. Spatz asserts he has never been served. Spatz also argues that the service on Koscianski (on August 17, 2000), and Pultz (on August 21, 2000), was defective. At this time, the court takes no position about the effectiveness of service on Koscianski and Pultz.

2

Beginning in the early part of 2002, Spatz, Koscianski, and Pultz were prosecuted in Illinois state court for the death of Louis Schumde. In a bench trial, all three were acquitted of the charges against them.

On March 18, 2002, after the criminal prosecution had ended, Spatz filed a renewed motion to remand this case to the Circuit Court of Cook County. At a hearing on the motion, counsel for Spatz and Koscianski withdrew their motions to be appointed special state's attorneys, and the court ordered briefing on the remand issue. The remand dispute is between the Sheriff and Spatz, with Spatz arguing that the removal was defective, and the Sheriff taking the opposite view. Briefing having been completed, the issue is ripe for ruling.

## II. DISCUSSION

Spatz argues that the Sheriff's removal was defective because the Sheriff did not obtain the consent of the other Defendants, including Spatz, when the Sheriff effected removal. The Sheriff counters that at the time it removed the case, none of the other Defendants had been served, and therefore, obtaining their consent was unnecessary. Spatz replies that as a defendant, he has an absolute veto power over removals, and his lack of consent requires remand. As discussed below, Spatz's argument is without merit.

The district court's authority to remand a case to state court is determined by the terms of the removal statute and the limits of the court's subject matter jurisdiction. See In re Continental Casualty Co., 29 F.3d 292, 293-95 (7th Cir. 1994); Buchner v. F.D.I.C., 981 F.2d 816, 819-20 (5th Cir. 1993); Commonwealth Edison Co. v. International Broth. of Elec. Workers, 961 F. Supp. 1154, 1164-65 (N.D. Ill. 1996); Casey v. Hinckley & Schmitt, Inc., 815 F. Supp. 266, 267 (N.D. Ill. 1993); Wright Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d §3739, pg. 467 (West

3

1998). In other words, the court does not have authority to remand a case that is within its jurisdiction, unless the removal statute permits the court to do so. In re Continental Casualty Co., 29 F.3d at 293-95; Buchner, 981 F.2d at 819-20; Commonwealth Edison Co., 961 F. Supp. at 1164-65. Generally, the removal statue is strictly construed, with an eye towards limiting federal jurisdiction. See e.g. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 119 S. Ct. 1322, 1330 (1999) (Rehnquist, J. dissenting); Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1263 n. 13 (5th Cir. 1988). At the same time, however, the court does not have the authority to act outside the bounds of the removal statute, so as to relinquish its properly invoked jurisdiction. See In re Continental Casualty Co., 29 F.3d at 293-95; Buchner v. F.D.I.C., 981 F.2d 816, 819-20 (5th Cir. 1993); Commonwealth Edison Co., 961 F. Supp. at 1164-65; Casey, 815 F. Supp. at 267; Wright Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d §3739, pg. 467 (West 1998). This principle is well illustrated by the Seventh Circuit's opinion in In re Continental Casualty, which reversed a district court's sua sponte remand due to a procedural defect in removal. Writing for the court, Judge Easterbrook strictly construed § 1447(c), and ruled that the statute requires a party's motion to remand, so that it was error for the district court to sua sponte remand because of a non-jurisdictional defect. In re Continental Casualty Co., 29 F.3d at 293-95. It is with this strict construction in mind that the court examines the removal in this case.

As a preliminary matter, there is no dispute that the court has subject matter jurisdiction, as the Estate plainly states claims for relief under 42 U.S.C. § 1983. Accordingly, the decision to remand is to be determined according to the terms of the removal statute. See In re Continental Casualty Co., 29 F.3d at 293-95; Casey, 815 F. Supp. at 267.

In this case, the Sheriff complied with the statutory requirements for removal. 28 U.S.C. § 1446 allows a defendant to remove a state case to federal court, provided that the removing defendant comply with the statutory requirements. See Phoenix Container, L.P. v. Sokoloff, 235 F.3d 352, 353-55 (7th Cir. 2000). One general procedural requirement of a multiple defendant case is that all served defendants consent to the removal, see id. at 353-54, which is sometimes referred to as the "rule of unanimity." See Marano Ent. v. Z-Teca Restaurants, 254 F.3d 753, 754 n. 2 (8th Cir. 2001); Production Stamping Corp. v. Maryland Cas. Co., 829 F. Supp. 1074, 1076 (E.D. Wi. 1993). This general rule is subject to several exceptions, including the exception that it is unnecessary for a removing defendant to obtain the consent of other defendants that have not been served. See Shaw v. Dow Brands, Inc., 994 F.2d 364, 369 (7th Cir. 1993); Getty Oil Corp., 841 F.2d at 1262-63; Schweihs v. Burdick, No. 94 C 7106, 1995 WL 124267, at *2 (N.D. Ill. Mar. 20, 1995); Production Stamping Corp., 829 F. Supp. at 1075 n. 1. Here, the Sheriff was the only defendant that had been served at the time of removal, so the absence of Spatz's consent is of no moment. In short, there was no defect with the Sheriff's removal.

Spatz argues strenuously that defendants have an absolute veto power over removals, thereby requiring remand on his motion. The authority for Spatz's argument stems from dicta in Garside v. Osco Drug, Inc., 702 F. Supp. 19 (D. Mass. 1988), where the District of Massachusetts wrote that "[t]he rule of unanimity gives each defendant an absolute veto over removal." Garside, 702 F. Supp. at 21. Garside was quoted with approval in Ford v. New United Motors Mfg, Inc., 857 F. Supp. 707, 709-10 (N.D. Cal. 1994). With all due respect to the courts in Garside and Ford, the statement that all defendants have an "absolute veto power" over removals is overbroad. The statement could only be true if the consent of all defendants was a jurisdictional requirement for removal, for then the

5

district court could remand the case any time before judgment under 28 U.S.C. § 1447(c).[3] Indeed, if consent was a jurisdictional issue and a case progressed beyond the district court without the consent of all defendants, then the appellate court could vacate any action by the district court and order the case remanded to state court. See e.g. Tylka v. Gerber Prods. Co., 211 F.3d 445, 446-49 (7th Cir. 2000). But, the consent of all defendants is not a jurisdictional requirement, it is a procedural prerequisite for removal, and is limited to those defendants that have been served with process. See Speciale v. Seybold, 147 F.3d 612, 616 n. 4 (7th Cir. 1998); Shaw, 994 F.2d at 368; Getty Oil Corp., 841 F.2d at 1263. This was implicitly recognized by the Garside court, as it denied a defendant's motion to remand and recognized that the consent requirement only applied to served defendants. See Garside, 702 F. Supp. at 21-22. Because consent is a procedural issue, defendants do not have an "absolute veto power" over removals. Instead, defendants have the right to resist removal within the limits designated in the removal statute.

For example, prior to removal, if a served defendant objects, it can refuse to join a co-defendant's removal petition, thereby preventing removal. See e.g. Phoenix Container, L.P., 235 F.3d at 353-54. If a case is improvidently removed without the consent of a served defendant, an objecting defendant can move to remand under 28 U.S.C. § 1447(c), which limits the time period for such motions to thirty days after removal. See 28 U.S.C. § 1447(c); Metro Furniture Rental, Inc. v. Alessi, 770 F. Supp. 198, 200 (S.D.N.Y. 1991) (denying a defendant's motion to remand based

---

[3] 28 U.S.C. § 1447(c) states in relevant part:
A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . .

6

on his lack of consent because the motion was untimely). If a defendant is not served at the time of removal, but is later served, 28 U.S.C. § 1448 permits the later served defendant to move to remand.[4] Of course, § 1448 must be read *in pari materia* with § 1447(c), see Phoenix Container, L.P., 235 F.3d at 354, so that any later served defendant objecting to removal must bring its motion to remand within 30 days of the notice of removal. See 28 U.S.C. § 1447(c); Metro Furniture Rental, Inc., 770 F. Supp. at 200; Marine Midland Bank v. Bravo, No. CIV. A. 00-369, 2000 WL 175132, at * 1 n. 5 (E.D. Pa. Feb. 11, 2000); see also In re Continental Casualty Co., 29 F.3d at 294-95 (noting that procedural defects in removal must be resolved quickly or not at all).

None of the above described situations are present here. Spatz was not served at the time of removal, so his consent was not necessary. See Shaw, 994 F.2d at 369; Getty Oil Corp., 841 F.2d at 1262-63; Schweihs, 1995 WL 124267, at *2; Production Stamping Corp., 829 F. Supp. at 1075 n. 1. Moreover, he filed his motion to remand approximately five months after the Sheriff filed the notice of removal, which is well beyond the 30 day limit for such motions that is prescribed by § 1447(c). See In re Continental Casualty Co., 29 F.3d at 294-95; Metro Furniture Rental, Inc., 770 F. Supp. at 200. The Sheriff properly invoked the jurisdiction of this court, and Spatz presents no statutory basis to remand. Accordingly, the court must deny Spatz's motion.

---

[4] 28 U.S.C. § 1448 states in relevant part: "This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case."

### III. CONCLUSION

For the foregoing reasons, the motion to remand is denied.

IT IS SO ORDERED.

ENTER:

*[signature: Charles R. Norgle]*

CHARLES RONALD NORGLE, SR. Judge
United States District Court

DATED: 4-22-02