Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4580 | **DATE** | 4/29/2003 |
| **CASE TITLE** | Schmude vs. Sheahan, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Before the court is Defendants', William Spatz, Patricia Pultz, and Larry Koscianski's Motion to Dismiss Plaintiff's Second Amended Complaint [61-1] pursuant to Rules 4(m), 12(b)(4), and 12(b)(5). For the reasons stated on the attached Order, Defendants' motion [61-1] is denied.

*/s/ Charles R. Norgle/*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| X | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY - 1 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 82 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
MAY - 1 2003

JOAN SCHMUDE, individually and as )
administrator of the Estate of Louis )
Schmude, )
)
         Plaintiff, )    No. 00 C 4580
  vs. )
)    HONORABLE CHARLES R. NORGLE
MICHAEL SHEAHAN, Cook County )
Sheriff, WILLIAM SPATZ, PATRICIA )
PULTZ, and LARRY KOSCIANSKI, )
)
         Defendants. )

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge.

Before the court is Defendants', William Spatz, Patricia Pultz and Larry Koscianski's, Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Rules 4(m), 12(b)(4), and 12(b)(5). For the following reasons, Defendants' motion is denied.

## I. BACKGROUND

This case arises out of the death of Louis Schmude. Schmude died on May 7, 2000, while he was in the custody of the Cook County Sheriff's Department. Plaintiff (hereinafter "the Estate")[1] claims that Defendants are liable under 42 U.S.C. § 1983 and various state law theories for damages arising out of Schmude's death. A detailed background concerning the timing of various pleadings is necessary to place the instant motion to dismiss in context.

---

[1] Joan Schmude is the plaintiff in this case, both individually and as administrator of Louis Schmude's Estate, which the court will refer to as the Estate for clarity.

1



On June 20, 2000, the Estate filed its original complaint in the Circuit Court of Cook County, naming only one Defendant, the Sheriff of Cook County. On June 27, 2000, the Sheriff was served with process. On July 26, 2000, a Cook County Circuit Court judge granted the Estate leave to file an amended complaint, naming three individual Sheriff's Deputies, William Spatz, Patricia Pultz, and Larry Koscianski, as additional Defendants. On that same day, the Estate had summons' issued for all three additional Defendants.

On June 22, 2000, Spatz, Pultz, and Koscianski were indicted. More later.

On July 27, 2000, one day after the Estate filed its Amended Complaint, the Sheriff filed a Notice of Removal in this court. Attached to the Sheriff's Notice of Removal was a copy of the original complaint, which named only the Sheriff as Defendant. At the time of removal, the Sheriff was the only Defendant served with process. Several weeks after the removal, on August 14 and August 17, the Cook County Sheriff's Department respectively served Koscianski and Pultz with notice of the state court proceeding and a copy of the Amended Complaint. Spatz was never formally served with process in this case. A review of the state court docket revealed that on July 31, 2000, a summons for Spatz was placed with the Cook County Sheriff's Department. On August 10, 2000, the Cook County Sheriff's Deputy responsible for serving Spatz returned service stating "no such address" existed for Spatz.

On September 5, 2000, this case was reassigned to an entering district court judge pursuant to the local rules. Following three months of inactivity, on November 29, 2000, citing a possible conflict of interest, the district court judge hearing the case recused himself and transferred the case back to this court. The court docket does not show any attorney appearances or pleadings filed on behalf of Defendants Spatz, Koscianski, or Pultz during this period of squandered opportunities.

2

On December 12, 2000, the Estate filed a Motion for Default against Defendants Koscianski and Pultz. On December 22, 2000, counsel for Spatz and Koscianski filed their Appearances along with motions to be appointed special State's Attorneys. On December 27, 2000, Spatz filed a Motion to Remand and a separate Motion to Stay or Extend Time to Answer or Otherwise Plead. Also on December 27, 2000, counsel for Pultz filed an Appearance and the court granted the Estate's Motion for a Default Judgment.

On June 22, 2000, Spatz, Koscianski, and Pultz were indicted and charged with first degree murder in connection with the death of Louis Schmude. Thus, in addition to defending themselves before this court, all three individual Defendants were defending themselves against criminal charges brought by the Office of the Cook County State's Attorney in the Circuit Court of Cook County. On December 29, 2000, this court stayed all proceedings in the civil case pending the outcome of the criminal prosecution.

On January 22, 2002, the criminal trial began. On March 12, 2002, in a bench trial before the Honorable Ronald A. Himel, all three Sheriff's Deputies were acquitted of the charges against them.

On March 18, 2002, after the conclusion of the criminal prosecution, Spatz filed a Renewed Motion to Remand to the Circuit Court of Cook County. At a hearing on the motion, counsel for Spatz and Koscianski withdrew their motions to be appointed special State's Attorneys, and the court ordered briefing on the revisited remand issue.

On April 22, 2002, the court issued an eight-page opinion denying Spatz's Motion to Remand to the Circuit Court of Cook County. See Schmude v. Sheahan, 198 F.Supp. 2d 964, 968 (N.D. Ill. 2002).

On April 24, 2002, Spatz filed a Motion to Reconsider the Court's April 22, 2002 Ruling, which the court subsequently denied.

On May 17, 2002, Spatz filed a Motion to Certify the Court's April 22, 2002 Ruling Pursuant to 28 U.S.C. § 1292(b), which the court granted. On June 14, 2002, the Seventh Circuit denied Spatz's Petition for Leave to Appeal.

On July 15, 2002, Defendants, Spatz, Pultz, and Koscianski, collectively filed this Motion to Dismiss pursuant to Fed. R. Civ. P. 4(m), 12(b)(4), 12(b)(5), and 12(b)(6). The court set a briefing schedule on the formally filed motion brought pursuant to the specific rules. On December 6, 2002, the court denied Defendants' Motion to Dismiss for failure to state a claim under rule 12(b)(6). (R. 72.) The court now addresses Defendants' Motion to Dismiss for insufficient service and failure to serve pursuant to rules 4(m), 12(b)(4), and 12(b)(5).

## II. DISCUSSION

### A. Service of Process in Removal Cases:

All three individual defendants claim they were not properly served with process under the federal rules. The Estate acknowledges that Spatz was never served with process. See Pl.'s Resp. to Defs.' Mot. to Dismiss, at 1. However, the Estate disagrees as to whether Koscianski and Pultz were properly served in this case. As a result, the court will limit its discussion on proper service of process to Defendants Koscianski and Pultz.

As a general rule, service of process in the federal courts is governed by Federal Rule of Civil Procedure 4. Rule 4(m) requires plaintiffs to serve defendants within 120 days of filing the complaint. See Fed. R. Civ. P. 4(m). If for good cause, the plaintiff fails to properly serve a defendant under Rule 4(m), the court shall extend the time for service for an appropriate period. See

id.; see also Troxell v. Fedders of North America, Inc., 160 F.3d 381, 382-83 (7th Cir. 1998). Whether good cause exists is within the discretion of the court. Id. There is no precise test for good cause, but the plaintiff must show at least "reasonable diligence" in effecting service. Bachenski v. Malnati, 11 F.3d 1371, 1377 (7th Cir. 1993). If good cause does not exist, the court may, in its discretion, grant an extension of time for service. Troxell, 160 F.3d at 382-83.

Although Fed. R. Civ. P. 4 applies to most cases in federal court, service of process in removal cases is governed by 28 U.S.C. § 1448, which provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

Section 1448 allows for the completion of state service of process if the process was commenced prior to the date of removal. See 28 U.S.C. § 1448; see also Listle v. Milwaukee County, 926 F. Supp. 826, 827 (E.D. Wis. 1996); Continental Ill. Nat'l Bank and Trust Co. of Chicago v. Protos Shipping Inc., 472 F. Supp. 979, 982-83 (N.D. Ill. 1979). After removal, a plaintiff has two options for providing proper service of process: (1) service pursuant to Rule 4; or (2) service pursuant to state court rules if the plaintiff commenced such service prior to the removal. See Listle, 926 F. Supp. at 828; see also Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1123 (7th Cir. 2001) (recognizing that federal courts have the power to review the sufficiency of state service of process in removal cases). Interpreting § 1448 in any other way holds contrary to the explicit wording of the statute. See Continental Ill. Nat'l Bank and Trust Co. of Chicago, 472 F. Supp. at 983 n.3 (criticizing, as incorrect as a matter of law, the Ninth Circuit's contrary interpretation of 28 U.S.C. § 1448 in Beecher v. Wallace, 381 F.2d 372, 373 (9th Cir. 1967)).

In this case, the Estate obtained a summons for both Koscianski and Pultz on July 26, 2000. On the following day, Sheriff Sheahan filed his Notice of Removal. Several days later, on July 31, 2000, prior to receiving notice of the removal, the Estate placed the summons' with the Cook County Sheriff's Office. The Cook County Sheriff's Department then served Koscianski and Pultz with notice of the state court proceeding on August 14, 2000 and August 17, 2000, respectively.

The Estate argues that service was properly completed under § 1448 because service commenced on July 26, 2000, the day the summons' were issued. Koscianski and Pultz argue that the Estate cannot complete service under § 1448 because it did not commence service until July 31, 2000, the date the Estate placed the summons' with the Sheriff's Office. Kozianski and Pultz's claim is based on the assertion that ministerial acts, such as the rubber stamping of a summons prior to removal, do not qualify as the commencement of service of process. See Defs.' Reply in Supp. of Mot. to Dismiss, at 8. The court is not persuaded by Koscianski and Pultz's position, nor is it persuaded by the authority to which they cite on this issue. See id. Here, the court agrees with the Estate and concludes that for purposes of § 1448, service of process commenced on July 26, 2000, the day the summons' were issued. As a result, the Estate effected service of process pursuant to state court rules as authorized by 28 U.S.C. § 1448. Therefore, both Koscianski and Pultz were properly served with process in this case.

**B. Waiver of Defense of Failure-to-Serve/Insufficiency of Service of Process:**

As the court previously noted, the Estate does not dispute that Spatz was never formally served with process in this case. Nevertheless, the Estate argues that all three Sheriff's Deputies, Spatz, Koscianski, and Pultz, waived any defenses available under Rule 12(h) by failing to raise objections to service of process in their previous motions filed before the court. Defendants contend

6

that they raised numerous objections regarding failure to serve/insufficient service of process, in both their motions filed and in open court, and that their jurisdictional challenges are properly brought in this initial Rule 12 motion.

Under Rule 12(h)(1), a defendant may waive objections based on insufficiency of service of process. See Fed. R. Civ. P. 12(h)(1); see also O'Brien v. R.J. O'Brien & Associates, Inc., 998 F.2d 1394, 1399 (7th Cir. 1993). Once the defendant waives this right and submits generally to the jurisdiction of the court, "the court is powerless to dismiss the suit for lack of personal jurisdiction." O'Brien, 998 F.2d at 1399.

Generally, for a defendant to raise a Rule 12(h)(1) defense, it must include the defense in a Rule 12 motion or it is waived. See Fed. R. Civ. P. 12(h)(1); see also O'Brien, 998 F.2d at 1399; Sanderford v. Prudential Ins. Co. of Am, 902 F.2d 897, 900 (11th Cir. 1990). In some instances, however, a defendant may waive a Rule 12(h)(1) defense prior to the filing of an answer or a Rule 12 motion. See Trustees of Cent. Laborers' Welfare Fund v. Lowery, 924 F.2d 731, 732 (7th Cir. 1991) (holding that the defendant waived his defense of improper service of process by failing to raise the objection in his motion to vacate a default judgment); see also Allied Semi-Conductors Int'l, Ltd. v. Pulsar Components Int'l, Inc., 907 F.Supp. 618, 623 (E.D.N.Y. 1995) (holding that the defendant's participation in pretrial proceedings, without raising an objection to improper service of process, was a waiver of his defense). A Rule 12(h)(1) defense may be waived by "formal submission in a cause, or by submission through conduct." Trustees of Cent. Laborers' Welfare Fund, 924 F.2d at 732 (*quoting* Marcial Ucin, S.A. v. SS Galicia, 723 F.2d 994, 996-97 (1st Cir. 1983)). "A party need not actually file an answer or motion before waiver is found." Trustees of Central Laborers' Welfare Fund, 924 F.2d at 732-33 (*quoting* Broadcast Music, Inc. v. M.T.S.

7

Enterprises, Inc., 811 F.2d 278, 281 (5th Cir. 1981)). Such a rule is consistent with the core function of service of process, "to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." See Henderson v. United States, 517 U.S. 654, 672 (1996); see also Head v. Chicago Sch. Reform Bd. of Trustees, 225 F.3d 794, 804 (7th Cir. 2000) (stating "notice is constitutionally adequate if it is reasonably calculated to apprise interested parties of the proceeding....").

The court will now determine whether Spatz, Koscianski, and Pultz waived their defenses of failure to serve/insufficient service of process. In doing so, the court must review the actions of each Defendant throughout the course of this litigation. Because the facts relating to Spatz differ from those relating to Koscianski and Pultz, the court will analyze the Estate's waiver claims in two separate sections.

**1. Spatz's Failure-to-Serve Defense:**

On July 27, 2000, Sheriff Sheahan removed this case from the Circuit Court of Cook County. Although the Estate never formally served Spatz with process, he has appeared before this court on the recounted numerous occasions. On December 22, 2000, Spatz's attorney, Edward R. Theobald,[2] filed an Appearance on behalf of his client. On the same day, Spatz also filed a Motion for Appointment of a Special State's Attorney. On December 27, 2000, Spatz filed a Motion to Remand the case to the Circuit Court of Cook County and a Motion to Stay or to Extend the Time to Plead to Plaintiff's Amended Complaint. On March 18, 2002, following a lengthy stay in the proceeding, Spatz renewed his Motion to Remand which the court denied on April 22, 2002. On April 24, 2002,

---

[2] In addition to representing Spatz throughout the entirety of this case, Theobald also represented Spatz in the criminal case in the Circuit Court of Cook County.

8

Spatz filed a Motion to Reconsider the court's decision on the remand issue. On May 8, 2002, the court denied this motion. On May 17, 2002, Spatz filed a Motion to Certify the Court's April 22, 2002 Order for Immediate Appeal Pursuant to 28 U.S.C. 1292(b). On May 21, 2002, the court granted Spatz's motion. On June 14, 2002, the Seventh Circuit denied Spatz's Petition for Leave to Appeal.

At no time within this two year period did Spatz formally raise the defense of failure-to-serve pursuant to a specific rule of federal civil procedure. So preoccupied was Spatz's counsel with the alleged unfairness regarding the removal, he has forfeited his claim of failure-to-serve by not timely arguing it before the court. Forfeiture occurs by accident, neglect, or inadvertent failure to timely assert a right. United States v. Cooper, 243 F.3d 411, 415-16 (7th Cir. 2001). Waiver is the intentional relinquishment or abandonment of a known right, while forfeiture is the failure to make the timely assertion of the right. United States v. Olano, 507 U.S. 725, 732-34 (1993); United States v. Lanas, No. 01-3248, 2003 U.S. App. LEXIS 6436, at *20 (7th Cir. Apr. 4, 2003). Regardless of whether the court finds that the argument on service of process is waived or forfeited, the procedural history of this case does not support dismissal for failure to serve Spatz.

Not until July 15, 2002, did counsel for Spatz file a pleading pursuant to an identified rule of federal civil procedure with notice to the Estate and an opportunity to respond to a properly focused motion. See Def.s' Mot. to Dismiss. Spatz argues that he repeatedly raised the issue of improper service to the court in both his pleadings and his appearances before the court. See Defs.' Reply to Its Mot. to Dismiss, at 4-5. Although true, the fact remains that Spatz did not properly raise the defense of failure-to-serve until he filed the present motion almost two years after the removal. Had Spatz filed a motion, served it on the proper parties, and presented it in accordance with the

9

Local Rules, the court would have set a response and reply date and duly ruled on the motion. Prior to now, the court was not required to consider Spatz's undeveloped or unsupported claims regarding the Estate's failure to serve him with process. See United States v. Jones, 224 F.3d 621, 626 (7th Cir. 2000); see also Goren v. New Vision Int'l, Inc., 156 F.3d 721, 728 n.2 (7th Cir. 1998) (finding that perfunctory and undeveloped arguments, unsupported by pertinent authority, are waived).

Spatz voluntarily invoked federal jurisdiction when Theobald advised the court that Spatz wanted Theobald to represent him in Federal court as his attorney and moved the court to appoint Theobald, pursuant to 55 ILCS Section 3-9008, in order to ultimately seek an award of fees and reimbursement for costs. In his motion, Spatz, through Theobald, states the following:

> 1. On July 26, 2000, Plaintiffs filed the Amended Complaint in this matter, naming as additional Defendant WILLIAM SPATZ, a Cook County Deputy Sheriff. The Complaint alleges that the Sheriff of Cook County and deputy sheriffs wrongfully caused the death of Louis Schmude, a prisoner in the custody of the Cook County Sheriff.
>
> 2. At all times alleged in Plaintiffs' complaint 00 C 4580, Defendant was employed by the Cook County Sheriff as a Cook County Deputy Sheriff assigned to the Court Services Division.
>
> 3. On or about June 22, 2000, Defendant was charged with criminal offenses, including First Degree Murder, by the Cook County State's Attorney. The criminal charges against Defendant are based on allegations that are substantially similar to the allegations set forth in the Schmude Complaint before the Court.

Spatz's Mot. for Appointment of Special State's Attorney, at 1-2. Theobald's assertions imply that as of December 22, 2000, he has read the Amended Complaint and that he is well aware of the claims pending against his client in this matter. Furthermore, although Spatz claimed that he was never served with process, he attached a copy of the Amended Complaint to his December 27, 2000 motion to remand. See Spatz's Mot. to Remand Case to the Circuit Court of Cook County, Illinois,

at Ex. A. Although Spatz did not receive his copy of the Amended Complaint from the Estate, his conduct shows that he is aware of the claims against him. Spatz's awareness of the Estate's claims, taken together with the fact that Spatz has had a fair opportunity to present his defenses against and objections to those claims,[3] satisfies the primary purpose of service of process in federal court. See Henderson, 517 U.S. at 672.

Finally, Spatz's conduct before this court is not the only basis for the court's finding of a waiver or forfeiture of his failure to serve defense. Specifically, Spatz's decision to appeal this court's order denying his Motion to Remand leads the court to believe that jurisdiction was proper in this case. In a § 1983 action, a party lacking jurisdiction in the United States District Court surely cannot have jurisdiction in the United States Court of Appeals.

Therefore, as a result of Spatz's conduct throughout the history of this case, Spatz has waived, or at the very least, forfeited his failure-to-serve defense. See Trustees of Cent. Laborers' Welfare Fund, 924 F.2d at 734 (indicating that such a defense should be promptly asserted to eliminate harmful delay and waste of judicial resources); see also Datskow v. Teledyne, Inc., 899 F.2d 1298, 1303 (2d Cir. 1990) (noting that a delay in challenging service of process by motion to dismiss, even if timely, may result in a waiver).

**2. Koscianski and Pultz's Insufficiency of Service of Process Defense:**

Unlike Spatz, Koscianski and Pultz were served with process in this case. The Estate argues that even if Koscianski and Pultz were not properly served under the federal rules, both defendants waived their defense of insufficiency of service of process by failing to timely raise the objection.

---

[3] The court recognizes that since Theobald filed his December 22, 2000 Appearance, Spatz has been properly served with notice of all motions filed in this case consistent with Fed. R. Civ. P. 5(a) and 5(b)(1).

11

The court has already determined that Koscianski and Pultz were properly served. See supra Part II.A. However, with an abundance of caution, the court will also analyze the Estate's waiver claim.

On December 22, 2000, Koscianski's attorney, Alan R. Burnell,[4] filed an Appearance on his client's behalf. On the same day, Koscianski also filed a Motion for Appointment of a Special State's Attorney. On December 27, 2000, the court entered a default judgment against Koscianski and Pultz. Also on December 27, 2000, attorney Micheal A. Ficaro filed an Appearance on Pultz's behalf, and both Koscianski and Pultz filed a Joint Motion to Vacate the Default pursuant to Fed. R. Civ. P. 55(c). On June 14, 2002, after a lengthy stay in the proceeding, Koscianski and Pultz renewed their Motion to Vacate the Default Judgment and moved for Leave to Answer or Otherwise Plead to Plaintiff's Second Amended Complaint.

Koscianski and Pultz argue that their defense of insufficiency of service of process was timely raised in this initial Rule 12 motion. The court disagrees. Although Koscianski and Pultz state the general rule, courts have found that a defendant may waive a Rule 12(h)(1) defense prior to the filing of an answer or a Rule 12 motion. See Trustees of Cent. Laborers' Welfare Fund, 924 F.2d at 732-33; see also Datskow, 899 F.2d at 1303 (noting that a delay in challenging personal jurisdiction, even if timely filed in a Rule 12 motion, could result in waiver if the Rule 12 motion or answer is filed after the expiration of the statute of limitations).

This case is illustrative of when the general rule should not apply. Koscianski and Pultz could have raised the defense of insufficient service of process in either of their Motions to Vacate the Default Judgment, but they did not. They also could have moved to quash service at any time.

---

[4] Burnell also represented Koscianski in the criminal case in the Circuit Court of Cook County.

12

Even during the stay, Koscianski and Pultz could have requested the court to lift the stay order for the limited purpose of looking into this narrow issue. Although Koscianski and Pultz contend that their motion to vacate the default judgment was presented months after they "repeatedly asserted that they were not properly served in accord with Rule 4(m)," see Defs.' Reply in Supp. of Mot. to Dismiss, at 6, the fact remains that they never formally raised the issue. The court is not required to consider undeveloped or unsupported claims which are not brought pursuant to an identified rule of federal civil procedure. See United States v. Jones, 224 F.3d at 626. If Koscianski and Pultz believed that service was improper at that time, they should have raised the defense in that motion. See, e.g., In re State Exchange Finance Co., 896 F.2d 1104, 1106 (7th Cir. 1990) (finding waiver of Rule 12(h)(1) defense where attorney appearance was filed and service was acknowledged without challenging jurisdiction).

Additionally, in their December 27, 2000 Joint Motion to Vacate the Default Judgment, Koscianski and Pultz, through their attorneys, admitted that they "were served with the July 26, 2000 Amended Complaint in this matter." Defs.' Joint Mot. to Vacate the Default J., at ¶ 3. Koscianski and Pultz assert that their reference to being served does not in any way concede that they were properly served under Rule 4(m). See Defs.' Reply in Supp. of Mot. to Dismiss, at 6. Although this may be true, the fact remains that both Koscianski and Pultz were aware of the pendancy of the action, in a manner and at a time that afforded them a fair opportunity to answer the complaint and present defenses and objections. See Henderson, 517 U.S. at 672.

Therefore, Koscianski and Pultz's failure to timely raise the issue of insufficient service of process was a waiver of their defense, or at the very least, a forfeiture. See Trustees of Cent.

Laborers' Welfare Fund, 924 F.2d at 734; see also Datskow, 899 F.2d at 1298; Olano, 507 U.S. at 732-34.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Rules 4(m), 12(b)(4), and 12(b)(5) is denied.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, SR., Judge
United States District Court

DATED: 4-29-03