# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4580 | **DATE** | 4/23/2004 |
| **CASE TITLE** | JOAN SCHMUDE vs. MICHAEL SHEAHAN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Alan Burnell's Motion for Relief Pursuant to Federal Rules of Civil Procedure 59(a) and 59(e) or in the Alternative Under Rule 60(b) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | APR 26 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 160 |
| | Copy to judge/magistrate judge. | 2004 APR 23 PM 3:23 | date mailed notice | |
| EF | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| JOAN SCHMUDE, Administrator of the Estate of Louis Schmude, ) ) ) | |
| Plaintiff, ) ) ) | |
| v. ) ) ) | Case No. 00 C 4580   APR 2 3 2004 Honorable Charles R. Norgle |
| MICHAEL SHEAHAN, in his official capacity as Cook County Sheriff, WILLIAM SPATZ, PATRICIA PULTZ, and LAWRENCE KOSCIANSKI, ) ) ) ) ) ) | |
| Defendants. ) | |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge:

Before the court is Alan Brunell's Motion for Relief Pursuant to Federal Rules of Civil Procedure 59(a) and 59(e) or in the Alternative Under Rule 60(b) [158-1]. For the following reasons, the motion is denied.

## I. INTRODUCTION

In an order dated October 2, 2003, the court advised and gave notice to attorneys Edward R. Theobald, Alan R. Brunell, and Anthony Pinelli (collectively "counsel") that the court intended to proceed on a Rule to Show Cause as to why sanctions should not issue. See Minute Order of October 2, 2003 [116-1]. In that order the court stated that a Rule to Show Cause would be issued expeditiously. On October 8, 2003, the court issued the Rule to Show Cause, detailing the allegedly sanctionable conduct of counsel, and allowed counsel 45 days to respond in writing. See Rule to Show Cause [117-1].

/60

On November 24, 2003, counsel filed their responses to the Rule to Show Cause, as well as numerous motions to dismiss the Rule to Show Cause and a motion for recusal. On March 29, 2004, the court denied counsels' motions to dismiss the Rule to Show Cause and the motion for recusal. See Opinion and Order of March 29, 2004 [156-1]. In that order the court also found that counsels' conduct was sanctionable, stating:

> The court finds that attorneys Edward R. Theobald, Alan R. Brunell and Anthony Pinelli have disobeyed the orders of the United States District Court and acted improperly by seeking and obtaining numerous awards of attorney fees, as improperly appointed counsel, in the Circuit Court of Cook County, after the entire cause of action had been removed to the United States District Court. Further, counsel proceeded with that conduct after a motion to remand had been denied, while that issue of remand was on appeal in the Seventh Circuit and after the Seventh Circuit's decision, after they were aware that the court was handling issues of appointments and awards of attorney fees pursuant to 55 Ill. Comp. Stat. § 5/3-9008 for other attorneys in the case, and despite the court's repeated admonitions that further litigation in the state court would be in contravention of the federal court's jurisdiction and improper. Additionally, the court finds that the statements and actions of each attorney violated their duty of candor to the court. The sanctionable conduct of each officer of the court was willful, intentional and repeated, and was an attempt to circumvent the United States District Court's removal jurisdiction. Attorneys Edward R. Theobald, Alan R. Brunell and Anthony Pinelli are hereby sanctioned pursuant to the court's inherent powers.

Id. at 79. The court sanctioned counsel, ordering disgorgement of all improperly acquired attorney fees and payment of a $5,000.00 fine. See id. at 77-80. In order to assess the exact amount of disgorgement, the court ordered that counsel file "a detailed accounting of all fees requested and received in the Circuit Court of Cook County which relate to this civil matter, including copies of all pleadings filed by counsel, orders entered by the Circuit Court of Cook County, and all fee petitions submitted to date" within 28 days of the court's order. See id. at 79. The court stated that "[o]nce counsel submit such accountings, the court will enter an order requiring counsel to disgorge those improperly acquired attorney fees in a specific dollar amount to the source of such funds by

2

May 28, 2004." See id. at 79-80. Since the amount of disgorgement remains undetermined until counsel provide the court with an accounting, the court has not entered judgment pursuant to Federal Rule of Civil Procedure 58.

On April 6, 2004, counsel filed a petition for a writ of mandamus in the Seventh Circuit Court of Appeals to review the court's order denying the motion for recusal.[1] Thereafter, on April 13, 2004, Brunell filed the instant motion seeking relief pursuant to Federal Rule of Civil Procedure 59(a) and 59(e), or in the alternative, Rule 60(b).

## II. DISCUSSION

### A. *Standard of Decision under Federal Rule of Civil Procedure 59(a)*

Federal Rule of Civil Procedure 59(a) is concerned with motions for a new trial. See Fed. R. Civ. P. 59(a). Rule 59(a) provides:

> A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

Id. A Rule 59(a) motion is inappropriate when a case, such as this,[2] has been decided on the

---

[1] On April 20, 2004, the Seventh Circuit issued an order denying the petition for mandamus. See In re Alan R. Brunell, Anthony Pinelli and Edward R. Theobald, No. 04-1864 (7th Cir. April 20, 2004) (order denying emergency petition for writ of mandamus).

[2] In the court's opinion and order of March 29, 2004, the court stated: "Counsel have demanded an evidentiary hearing; however, the facts in this matter are undisputed, and counsel only offer legal arguments in response to the Rule. In light of counsels' voluminous written submissions in response to the Rule, an evidentiary hearing is not required. The opportunity to be heard is satisfied by permitting documentary submissions, especially where a violation is

3

pleadings. See, e.g., Jones v. Nelson, 484 F.2d 1165, 1167 (10th Cir. 1973) (indicating that motion for new trial, seeking relief from an adverse ruling on summary judgment, "[t]echnically . . . was improper as no trial was conducted from which a new trial motion could be filed"). The logic is simple: no initial trial, no new trial. In such cases, relief should be sought by a motion to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59(e) or 60(b), depending upon when the motion is filed. See 3 Motions in Federal Court § 9.40 at 91 (3d ed. 1996 & 2003 supp.).

In the memorandum in support of the instant motion, Brunell "requests that this Court alter or amend its judgment, pursuant to Federal Rules of Civil Procedure 59(a) and (e) or Rule 60(b)." Brunell's Mot. for Relief, at 5. Brunell argues that the court's order of March 29, 2004 must be vacated or reversed, but does not argue that a new trial should be granted. Thus, Brunell's motion brought pursuant to Rule 59(a) is denied. The court will now address the instant motion as brought pursuant to Rule 59(e), or in the alternative, Rule 60(b).

## B. *Standard of Decision under Federal Rules of Civil Procedure 59(e) and 60(b)*

The Seventh Circuit has established a bright-line rule for distinguishing Rule 59(e) motions from Rule 60(b) motions. See, e.g., Helm v. Resolution Trust Corp., 43 F.3d 1163, 1166 (7th Cir. 1995). The time of the filing of a motion controls whether it is considered a Rule 59(e) or 60(b) motion. See id. If the motion is filed within 10 days of the entry of judgment, it is considered a Rule 59(e) motion. See Mendenhall v. Goldsmith, 59 F.3d 685, 689 (7th Cir. 1995) ("Our rule is that any post-judgment substantive motion that is made within ten days of the judgment is deemed a Rule 59(e) motion."); see also Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be

---

established on the record and there is no contested issue of fact. See Szabo Food Service v. Canteen Corp., 823 F.2d 1073, 1082 (7th Cir. 1987) (indicating that a hearing is not required if a violation is clearly established on the record)." Opinion and Order of March 29, 2004 at 47 n.8.

4

filed no later than 10 days after entry of the judgment."). If the motion is filed after 10 days from the entry of judgment, it is considered a Rule 60(b) motion. See United States v. Deutsch, 981 F.2d 299, 301 (7th Cir. 1992) ( "[S]ubstantive motions to alter or amend a judgment [filed] more than ten days after the entry of judgment are to be evaluated under Rule 60(b).").

Brunell's motion seeks to challenge the court's opinion and order of March 29, 2004. See Brunell's Mot. for Relief. The court issued the opinion and order at issue on March 29, 2004. The opinion and order was docketed on March 30, 2004. When there is a conflict between the date on which a court issues an order and the date when that order is docketed, the latter date controls. See Fed. R. Civ. P. 58(b)(2); Laborers' Pension Fund v. A & C Envtl., Inc., 301 F.3d 768, 775 n. 5 (7th Cir. 2002). Brunell's motion was filed on April 13, 2004, on the tenth day following the March 30, 2004 entry of the court's opinion and order. See Fed. R. Civ. P. 6(a) (discussing computation of time). Thus, because Brunell's motion was filed within ten days of the entry of the court's opinion and order, the court considers it to be a motion under Rule 59(e).[3] See Mendenhall, 59 F.3d at 689; see also Britton v. Swift Transp. Co., Inc., 127 F.3d 616, 618 (7th Cir. 1997).

However, a Rule 59(e) motion is considered untimely if it is made before the entry of judgment. See McNabola v. Chicago Transit Authority, 10 F.3d 501, 521 (7th Cir. 1993) (finding party's Rule 59(e) motion filed before remittitur to be untimely as filed before entry of final judgment). The court has not entered judgment on the opinion and order of March 29, 2004. As indicated earlier, in order to assess the exact amount of disgorgement, the court ordered that counsel file "a detailed accounting of all fees requested and received in the Circuit Court of Cook County

---

[3] As the court construes Brunell's motion as brought pursuant to Federal Rule of Civil Procedure 59(e), the court need not consider Brunell's alternative argument that the motion be addressed as brought pursuant to Rule 60(b).

which relate to this civil matter, including copies of all pleadings filed by counsel, orders entered by the Circuit Court of Cook County, and all fee petitions submitted to date" within 28 days of the court's order. See Opinion and Order of March 29, 2004 at 79. The court stated that "[o]nce counsel submit such accountings, the court will enter an order requiring counsel to disgorge those improperly acquired attorney fees in a specific dollar amount to the source of such funds by May 28, 2004." See id. at 79-80. Since the amount of disgorgement remains undetermined until counsel provide the court with an accounting, the court has not entered judgment pursuant to Federal Rule of Civil Procedure 58. See Cleveland Hair Clinic, Inc. v. Puig, 104 F.3d 123, 125 (7th Cir. 1997) ("An order that neither ends the litigation nor quantifies the sum due for misconduct is a considerable distance from the paradigm of a final decision."); John v. Barron, 897 F.2d 1387, 1390 (7th Cir. 1990) (indicating that a sanction award is not final until the amount has been set).

Brunell's motion is brought under the misapprehension that the court has entered judgment. In fact, Brunell fails to cite any case law with regard to the granting of a Rule 59(e) motion. Case law is more than window dressing. The failure to cite cases in support of an argument constitutes a waiver of that argument. See Doherty v. City of Chicago, 75 F.3d 318, 324 (7th Cir. 1996) ("Given our adversarial system of litigation, it is not the role of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel."); Tyler v. Runyon, 70 F.3d 458, 464-65 (7th Cir. 1995) (deeming argument waived because litigant and attorney failed to cite case law or statutory authority). Not one case is cited to support the argument that the court has entered a final judgment. The opinion and order of March 29, 2004 is not a judgment as defined by Federal Rule of Civil Procedure 54(a), and as such outside the purview of Rule 59(e). The opinion and order of March 29, 2004 is an interlocutory order, which ordered that counsel provide the court

6

with an accounting in order to allow the court to determine a sum certain to be disgorged. As such, relief under Rule 59(e) is inappropriate, and the motion is denied.

### III. CONCLUSION

For the foregoing reasons, Brunell's Alan Brunell's Motion for Relief Pursuant to Federal Rules of Civil Procedure 59(a) and 59(e) or in the Alternative Under Rule 60(b) is denied.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 4-23-04