Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4580 | **DATE** | 5/19/2004 |
| **CASE TITLE** | Schmude vs. Sheahan, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Theobald's Motion to Vacate or Amend the May 4, 2004 Judgment and Demand for a Hearing on the Merits

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Edward Theobald's motion, styled "Motion to Vacate or Amend the May 4, 2004 Judgment and Demand for a Hearing on the Merits," is denied. See attached.

*/s/ Charles R. Norgle*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 2 0 2004 date docketed | 176 |
| X | Docketing to mail notices. | | JXM docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
MAY 2 0 2004

JOAN SCHMUDE, Administrator of the )
Estate of Louis Schmude )
)
Plaintiff, )
)
v. ) Case No. 00 C 4580
) Honorable Charles R. Norgle
)
MICHAEL SHEAHAN, in his official )
capacity as Cook County Sheriff, )
WILLIAM SPATZ, PATRICIA PULTZ, )
and LAWRENCE KOSCIANSKI )
)
Defendants. )

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge:

Before the court is Edward Theobald's motion, styled "Motion to Vacate or Amend the May 4, 2004 Judgment and Demand for a Hearing on the Merits," brought pursuant to Federal Rules of Civil Procedure 59(a), 59(e) and 61. For the following reasons, the motion is denied.

### I. INTRODUCTION

In an order dated October 2, 2003, the court advised and gave notice to attorneys Edward R. Theobald, Alan R. Brunell and Anthony Pinelli (collectively "counsel") that the court intended to proceed on a Rule to Show Cause as to why sanctions should not issue. See Minute Order of October 2, 2003 [docket entry 116-1]. In that order the court stated that a Rule to Show Cause would be issued expeditiously. On October 8, 2003, the court issued the Rule to Show Cause, detailing the allegedly sanctionable conduct of counsel, and allowed counsel 45 days to respond in writing. See Rule to Show Cause [docket entry 117-1].

On November 24, 2003, counsel filed their responses to the Rule to Show Cause, as well as numerous motions to dismiss the Rule to Show Cause and a motion for recusal. On March 29, 2004, the court denied counsels' motions to dismiss the Rule to Show Cause and the motion for recusal. See Schmude v. Sheahan,--F. Supp. 2d--, 2004 WL 718501 (N.D. Ill. March 29, 2004). In that order the court proceeded to find that counsels' conduct was sanctionable, stating:

> The court finds that attorneys Edward R. Theobald, Alan R. Brunell and Anthony Pinelli have disobeyed the orders of the United States District Court and acted improperly by seeking and obtaining numerous awards of attorney fees, as improperly appointed counsel, in the Circuit Court of Cook County, after the entire cause of action had been removed to the United States District Court. Further, counsel proceeded with that conduct after a motion to remand had been denied, while that issue of remand was on appeal in the Seventh Circuit and after the Seventh Circuit's decision, after they were aware that the court was handling issues of appointments and awards of attorney fees pursuant to 55 Ill. Comp. Stat. § 5/3-9008 for other attorneys in the case, and despite the court's repeated admonitions that further litigation in the state court would be in contravention of the federal court's jurisdiction and improper. Additionally, the court finds that the statements and actions of each attorney violated their duty of candor to the court. The sanctionable conduct of each officer of the court was willful, intentional and repeated, and was an attempt to circumvent the United States District Court's removal jurisdiction. Attorneys Edward R. Theobald, Alan R. Brunell and Anthony Pinelli are hereby sanctioned pursuant to the court's inherent powers.

Id. at *43. The court sanctioned counsel, ordering disgorgement of all improperly acquired attorney fees and payment of a $5,000.00 fine. See id. at *44. To begin the process of disgorgement, the court ordered that counsel file "a detailed accounting of all fees requested and received in the Circuit Court of Cook County which relate to this civil matter, including copies of all pleadings filed by counsel, orders entered by the Circuit Court of Cook County, and all fee petitions submitted to date" within 28 days of the court's order. See id. The court stated that "[o]nce counsel submit such accountings, the court will enter an order requiring counsel to

disgorge those improperly acquired attorney fees in a specific dollar amount to the source of such funds by May 28, 2004." Id.

Subsequent to the order finding counsels' conduct to be sanctionable, yet prior to a determination of the final amount of the sanction, counsel filed motions for the court to reconsider its March 29, 2004 order. Counsels' motions were brought pursuant to Federal Rules of Civil Procedure 59(a) and 59(e), or in the alternative, 60(b). On April 23, 2004, the court denied these motions as, *inter alia*, untimely. See Opinions of April 23, 2004 [docket entries 160-1; 166-1; 171-1]. In the decisions denying these motions, the court stated that the March 29, 2004 order was interlocutory because the amount of the sanction had yet to be determined, and as such relief under Rules 59 or 60 was inappropriate. See id.

On April 26, 2004, counsel submitted their court-ordered accountings. On May 4, 2004, the court entered a Final Judgment Imposing Sanctions Against Anthony Pinelli, Alan R. Brunell and Edward R. Theobald ("Final Judgment"). See Schmude v. Sheahan, et al.,--F. Supp. 2d--, 2004 WL 1045798 (N.D. Ill. May 4, 2004). The court ordered counsel to pay a sanction of $5,000.00 to the Clerk of the United States District Court for the Northern District of Illinois by May 28, 2004. See id. at *40. The court also imposed the sanction of disgorgement in a sum certain as to each attorney, ordering counsel to disgorge those amounts of improperly obtained attorney fees to Cook County by May 28, 2004, and to certify compliance with the court's order by June 14, 2004. See id. Lastly, the court also "enjoined [counsel] from seeking attorney fees or receiving remuneration from Cook County for their representation of their clients in this case or for defending themselves against the Rule to Show Cause and resultant proceedings." Id. The

court also indicated that in order to ensure compliance with the court's orders, the injunction would be reviewed at six-month intervals from the date of entry of judgment. See id.

On May 17, 2004, attorney Theobald filed the instant motion, seeking relief from the court's Final Judgment, pursuant to Federal Rules of Civil Procedure 59(a), 59(e) and 61. Reiterating arguments previously addressed by the court, attorney Theobald claims that relief under Rule 59(e) is appropriate because the court has committed manifest errors of law and fact. Additionally, attorney Theobald argues that the court has committed a manifest error of law and fact through the issuance of the order enjoining further attempts to seek attorney fees or receive remuneration from Cook County with respect to this case, which was entered to ensure compliance with the court's orders. As discussed more fully below, the court finds these arguments to be without merit.

## II. DISCUSSION

*A. Edward Theobald's Motion for a Hearing on the Merits - Standard of Decision under Federal Rule of Civil Procedure 59(a)*

The court has previously denied Edward Theobald's Motion for a Hearing on the Merits. See Opinion of April 23, 2004 [docket entry 166-1]. As the court previously stated, Federal Rule of Civil Procedure 59(a) is concerned with motions for a new trial. See Fed. R. Civ. P. 59(a).

4

A Rule 59(a) motion is inappropriate when a case, such as this,[1] has been decided on the pleadings. See, e.g., Jones v. Nelson, 484 F.2d 1165, 1167 (10th Cir. 1973) (indicating that motion for new trial, seeking relief from an adverse ruling on summary judgment, "[t]echnically . . . was improper as no trial was conducted from which a new trial motion could be filed"). The logic is simple: no initial trial, no new trial. In such cases, relief should be sought by a motion to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59(e) or 60(b), depending upon when the motion is filed. See 3 Motions in Federal Court § 9.40 at 91 (3d ed. 1996 & 2003 supp.). Thus, attorney Theobald's motion brought pursuant to Rule 59(a) is denied. The court will now address the remaining arguments raised by the instant motion.

## B. *Edward Theobald's Motion to Vacate or Amend the May 4, 2004 Judgment - Standard of Decision under Federal Rules of Civil Procedure 59(e) and 61*

Attorney Theobald's motion asks the court to vacate its May 4, 2004 Final Judgment Imposing Sanctions Against Anthony Pinelli, Alan R. Brunell and Edward R. Theobald.[2] As a preliminary matter the instant motion indicates that it is brought pursuant to Federal Rules of Civil Procedure 59(e) and 61. Rule 61 provides that the court must disregard harmless error.

---

[1] In the court's opinion and order of March 29, 2004, the court stated: "Counsel have demanded an evidentiary hearing; however, the facts in this matter are undisputed, and counsel only offer legal arguments in response to the Rule. In light of counsels' voluminous written submissions in response to the Rule, an evidentiary hearing is not required. The opportunity to be heard is satisfied by permitting documentary submissions, especially where a violation is established on the record and there is no contested issue of fact." See Schmude v. Sheahan,--F. Supp. 2d--, 2004 WL 718501, * 26 (N.D. Ill. March 29, 2004) (citing Szabo Food Service v. Canteen Corp., 823 F.2d 1073, 1082 (7th Cir. 1987) (indicating that a hearing is not required if a violation is clearly established on the record)).

[2] While attorney Theobald asks the court to vacate its Final Judgment in its entirety, he has no standing to bring this motion on behalf of attorneys Pinelli and Brunell, who have not joined in this motion or filed their own motions seeking relief from the Final Judgment. Noteworthy, attorney Theobald has signed the instant motion while Robert V. Boharic has filed an appearance in this case as counsel for Theobald. See Attorney Appearance of Robert V. Boharic [docket entry 139-1].

See Fed. R. Civ. P. 61. Aside from citing the rule generally, the motion states: "Any alleged error is harmless as Mr. Theobald's conduct did not substantially affect the rights of the parties." Theobald Mot., at 15. This argument is undeveloped, and further miscomprehends the nature of sanction proceedings. Rule 61 is inapplicable, and the court will address the motion pursuant to Rule 59(e).

The instant motion, brought pursuant to Federal Rule of Civil Procedure 59(e), was filed on May 17, 2004, which is within the 10 day period of Rule 59(e).[3] See Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."); see also Fed. R. Civ. P. 6(a) (discussing computation of time). Thus, attorney Theobald's instant motion (his second motion for reconsideration) is properly brought pursuant to Rule 59(e). See Mendenhall v. Goldsmith, 59 F.3d 685, 689 (7th Cir. 1995); see also Britton v. Swift Transp. Co., Inc., 127 F.3d 616, 618 (7th Cir. 1997).

The Seventh Circuit has repeatedly cautioned that "[m]otions to reconsider serve a limited function . . . ." See Publishers Resource v. Walker-Davis Publications, 762 F.2d 557, 561 (7th Cir. 1985). "The only grounds for a Rule 59(e) motion . . . are newly discovered evidence, an intervening change in the controlling law, and manifest error of law." Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998); see also Russell v. Delco Remy Div. of General Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary

---

[3] The court issued the Final Judgment on May 4, 2004. The Final Judgment was docketed on May 5, 2004. When there is a conflict between the date on which a court issues an order and the date when that order is docketed, the latter date controls. See Fed. R. Civ. P. 58(b)(2); Laborers' Pension Fund v. A & C Envtl., Inc., 301 F.3d 768, 775 n.5 (7th Cir. 2002).

6

appellate proceedings." Russell, 51 F.3d at 749. However, the law is clear that Rule 59(e) motions are not the proper vehicles for revisiting issues and recapitulating arguments that were decided by the court before rendering its original decision. See, e.g., In re Oil Spill by "Amoco Cadiz" Off Coast of France on March 16, 1978, 794 F. Supp. 261, 267 (N.D. Ill. 1992) ("Motions to reconsider are not at the disposal of parties who want to 'rehash' old arguments."). Whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." Matter of Prince, 85 F.3d 314, 324 (7th Cir. 1996).

Attorney Theobald does not argue that he has newly discovered evidence or that there has been an intervening change in the controlling law; rather, he argues that "manifest errors of law and fact appear[] on the face of the record." Theobald Mot., at 1. However, with one exception, what are claimed to be manifest errors of law and fact are nothing more than a reiteration of the arguments that the court has dealt with on no less than three separate occasions, which is improper. In fact, attorney Theobald's instant motion is essentially identical to the arguments submitted in his response to the Rule to Show Cause, in his first motion to reconsider and in his court-ordered accounting. First, the arguments raised by attorney Theobald were addressed by the court in its 80-page opinion, which found that counsels' conduct was sanctionable. See Schmude v. Sheahan,--F. Supp. 2d--, 2004 WL 718501 (N.D. Ill. March 29, 2004). Second, the arguments raised by attorney Theobald were reviewed by the court in its 9-page opinion, which found his first motion to reconsider to be untimely because the amount of the sanction had yet to be determined and no judgment had been entered. See Opinion of April 23, 2004 [docket entry 166-1]. Third, the arguments raised by attorney Theobald were reviewed by the court in its 60-

page Final Judgment. See Schmude v. Sheahan,--F. Supp. 2d--, 2004 WL 1045798 (N.D. Ill. May 4, 2004).

As previously indicated, with one exception, what attorney Theobald claims are manifest errors of law and fact are nothing more than a reiteration of the arguments rejected by the court on three separate occasions. With regard to that one exception, attorney Theobald's only new argument is that the court has committed a manifest error of law and fact through the issuance of the order enjoining further attempts to seek attorney fees or receive remuneration from Cook County with respect to this case, which was entered to ensure compliance with the court's orders. Specifically, attorney Theobald argues that the order was entered without affording him notice or an opportunity to be heard.

The adequacy of notice and hearing depends, to some extent, on the knowledge the party has of the consequences of his own conduct. See Link v. Wabash Railroad Co., 370 U.S. 626, 632 (1962). The court has repeatedly stated that further litigation in the state court after removal to this court would be improper, and any orders obtained in the state court after removal would be *coram non judice* and void. From the inception of the course of these sanction proceedings, the court stated that "the basis for issuance of the Rule to Show Cause is that [counsel] have disobeyed this court's orders and acted improperly by seeking and obtaining numerous awards of attorney fees, as court-appointed counsel, in the Circuit Court of Cook County after the cause of action had been removed to the United States District Court for the Northern District of Illinois. . . ." Rule to Show Cause at 1 [docket entry 117-1]; see also Schmude v. Sheahan,-- F. Supp. 2d --, 2004 WL 718501, *24 (N.D. Ill. March 29, 2004) (indicating that these sanction proceedings

concern the "singularly simple allegation that counsel circumvented the court's federal removal jurisdiction").

A brief recitation of the steps which the court took in imposing the ultimate sanction against attorney Theobald belies any argument that he was not given notice and an opportunity to be heard. In an order dated October 2, 2003, the court advised and gave notice to counsel that the court intended to proceed on a Rule to Show Cause as to why sanctions should not issue. See Minute Order of October 2, 2003 [docket entry 116-1]. On October 8, 2003, the court issued the Rule to Show Cause, detailing the allegedly sanctionable conduct of counsel with regard to having circumvented the federal court's removal jurisdiction and improperly having obtained attorney fees in the state court, and allowed counsel 45 days to respond in writing. See Rule to Show Cause [docket entry 117-1]. On November 24, 2003, counsel filed their voluminous responses to the Rule to Show Cause. On March 29, 2004, the court issued its opinion finding that counsels' conduct was sanctionable and discussed the various sanctions that could be imposed in the exercise of the court's discretion. See Schmude v. Sheahan,--F. Supp. 2d--, 2004 WL 718501 (N.D. Ill. March 29, 2004).

The ultimate remedial objective of these sanction proceedings culminated in the orders of disgorgement of all improperly obtained attorney fees. As the court previously stated: "The sanction of disgorgement is proportional to the underlying conduct in this matter, as the aim of counsels' conduct was financial gain, and this sanction is the most appropriate deterrent to similar future conduct." Id. at *42. Based on the court's continuing statements concerning the personal actions of counsel in improperly obtaining numerous awards of attorney fees, attorney

Theobald could certainly be said to have had knowledge that the consequences of his own conduct could include a return of those improperly obtained attorney fees and an order precluding him from further attempts to obtain such fees. See Link, 370 U.S. at 632.

As the court previously stated: "Any sanction other than disgorgement would fail to address the gravamen of counsels' conduct." Schmude v. Sheahan,--F. Supp. 2d--, 2004 WL 718501, *42 (N.D. Ill. March 29, 2004). Disgorgement is a process. The order entered in the court's Final Judgment, enjoining further attempts to seek attorney fees or receive remuneration from Cook County, was necessary to complete the disgorgement process and to achieve the ultimate remedial objective of these sanction proceedings. It would be unreasonable for attorney Theobald to think that the court would not maintain jurisdiction to ensure that its orders were followed and not thwarted.

The language of these orders in the court's Final Judgment provided:

### VI.

IT IS HEREBY FURTHER ORDERED AND ADJUDGED that Anthony Pinelli, Alan R. Brunell and Edward R. Theobald are enjoined from seeking attorney fees or receiving remuneration from Cook County for their representation of their clients in this case or for defending against the Rule to Show Cause and resultant proceedings.

### VII.

IT IS HEREBY FURTHER ORDERED AND ADJUDGED that the injunction entered in paragraph VI shall be reviewed at six month intervals from the date of entry of judgment, and the court maintains jurisdiction to enforce all provisions of this judgment.

See Schmude v. Sheahan, et al.,--F. Supp. 2d--, 2004 WL 1045798, *40 (N.D. Ill. May 4, 2004). In these orders the court stated the acts to be restrained, which were the very acts that the court had repeatedly stated were improper. By these orders attorneys Pinelli, Brunell and Theobald are

precluded from the discrete and narrow acts of "seeking attorney fees or receiving remuneration from Cook County for their representation of their clients in this case or for defending against the Rule to Show Cause and resultant proceedings." Id. These orders are narrowly tailored to address the personal actions of attorney Theobald and the improper conduct that lies at the heart of these sanction proceedings. These orders apply only to Pinelli, Brunell and Theobald.

Furthermore, while typically a simple sanction order would be sufficient, the court found that additional court supervision was required in this case. The contentiousness of Theobald's responsive pleadings were such that the court found it necessary to ensure total compliance. For example, in a case where lack of candor has been a recurring issue, attorney Theobald's response to the Rule to Show Cause contained a crippling dearth of details of the amounts of attorney fees obtained in the state court, thus necessitating the court-ordered accountings. Further, in that court-ordered accounting, attorney Theobald failed to completely comply with the court's previous order. See Schmude v. Sheahan, et al.,--F. Supp. 2d--, 2004 WL 1045798, at *37 (N.D. Ill. May 4, 2004) (discussing attorney Theobald's non-compliance with the court-ordered accounting). Additionally, even in the instant motion and the attached fifty-three paragraph affidavit, attorney Theobald in large part mischaracterizes what the court has ruled. Thus, attorney Theobald's continuing course of conduct evinced the potential for protracted litigation and that minimal court supervision would be required. The consequences of Theobald's contentiousness and lack of candor was clearly more involvement with the court. Given the language in the various rulings made by the court, it is disingenuous for a reasonable prudent attorney to argue he had no notice that the court would ensure, by continuing supervision, that the

goal of the sanction was reached. A court needs flexibility to ensure that its orders will not be thwarted, and to do less than supervise compliance would minimize the efficacy of a court's orders. Using public funds to pay for Theobald's personal sanctionable conduct with respect to this case is unacceptable.

The court has fashioned an order and shaped a remedy to correct the federal injury. The court has navigated a narrow channel to accomplish its objective. Contrary to attorney Theobald's characterizations of the order, the injunction is not permanent. The court stated that it will review whether there has been complete compliance with its orders at six-month intervals, if necessary. Once the court is certain that the objectives of the federal remedy have been achieved and that no action has been taken or is likely to be taken to thwart the exercise of the federal order, there will be no need for further court supervision and this case will be closed with finality. It bears emphasis that nothing in the order would preclude attorney Theobald from being heard before the first six-month interval to show that the need for continuing even this minimal court supervision is no longer essential.

## III. CONCLUSION

For the foregoing reasons, Edward Theobald's motion, styled "Motion to Vacate or Amend the May 4, 2004 Judgment and Demand for a Hearing on the Merits," is denied.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 5-19-04