Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 4580 | DATE | 5/20/2004 |
| CASE TITLE | Schmude vs. Sheahan, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Theobald's Motion to Clarify This Court's May 18, 2004 Order to Vacate the May 28, 2004 Due Date for Mr. Theobald to Pay Sanctions

## DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Edward Theobald's motion, styled "Motion to Clarify This Court's May 18, 2004 Order to Vacate the May 28, 2004 Due Date for Mr. Theobald to Pay Sanctions," is denied. See attached.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 21 2004 date docketed | |
| X | Docketing to mail notices. | | JXM docketing deputy initials | 178 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | 2004 MAY 20 PM 3:48 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JOAN SCHMUDE, Administrator of the )
Estate of Louis Schmude )
)
    Plaintiff, )
)
v. )  Case No. 00 C 4580
)  Honorable Charles R. Norgle
)
MICHAEL SHEAHAN, in his official )
capacity as Cook County Sheriff, )
WILLIAM SPATZ, PATRICIA PULTZ, )
and LAWRENCE KOSCIANSKI )
)
    Defendants. )

DOCKETED MAY 21 2004

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge:

Before the court is Edward R. Theobald's motion styled as a "Motion to Clarify This Court's May 18, 2004 Order to Vacate the May 28, 2004 Due Date for Mr. Theobald to Pay Sanctions," which was filed on May 19, 2004. The instant motion requests the court to clarify its May 18, 2004 order and an extension of at least thirty days to pay the sanction. For the following reasons, the motion is denied.

## I. BACKGROUND

In an order dated October 2, 2003, the court advised and gave notice to attorneys Edward R. Theobald, Alan R. Brunell and Anthony Pinelli (collectively "counsel") that the court intended to proceed on a Rule to Show Cause as to why sanctions should not issue. See Minute Order of October 2, 2003 [docket entry 116-1]. In that order the court stated that a Rule to Show Cause would be issued expeditiously. On October 8, 2003, the court issued the Rule to Show Cause, detailing the allegedly sanctionable conduct of counsel, and allowed counsel 45 days to respond in writing. See

Rule to Show Cause [docket entry 117-1].

On November 24, 2003, counsel filed their responses to the Rule to Show Cause, as well as numerous motions to dismiss the Rule to Show Cause and a motion for recusal. On March 29, 2004, the court denied counsels' motions to dismiss the Rule to Show Cause and the motion for recusal. See Schmude v. Sheahan, --F. Supp. 2d--, 2004 WL 718501 (N.D. Ill. March 29, 2004). In that order the court proceeded to find that counsels' conduct was sanctionable, stating:

> The court finds that attorneys Edward R. Theobald, Alan R. Brunell and Anthony Pinelli have disobeyed the orders of the United States District Court and acted improperly by seeking and obtaining numerous awards of attorney fees, as improperly appointed counsel, in the Circuit Court of Cook County, after the entire cause of action had been removed to the United States District Court. Further, counsel proceeded with that conduct after a motion to remand had been denied, while that issue of remand was on appeal in the Seventh Circuit and after the Seventh Circuit's decision, after they were aware that the court was handling issues of appointments and awards of attorney fees pursuant to 55 Ill. Comp. Stat. § 5/3-9008 for other attorneys in the case, and despite the court's repeated admonitions that further litigation in the state court would be in contravention of the federal court's jurisdiction and improper. Additionally, the court finds that the statements and actions of each attorney violated their duty of candor to the court. The sanctionable conduct of each officer of the court was willful, intentional and repeated, and was an attempt to circumvent the United States District Court's removal jurisdiction. Attorneys Edward R. Theobald, Alan R. Brunell and Anthony Pinelli are hereby sanctioned pursuant to the court's inherent powers.

Id. at *43. The court sanctioned counsel, ordering disgorgement of all improperly acquired attorney fees and payment of a $5,000.00 fine. See id. at *44. To begin the process of disgorgement, the court ordered that counsel file "a detailed accounting of all fees requested and received in the Circuit Court of Cook County which relate to this civil matter, including copies of all pleadings filed by counsel, orders entered by the Circuit Court of Cook County, and all fee petitions submitted to date" within 28 days of the court's order. See id. The court stated that "[o]nce counsel submit such accountings, the court will enter an order requiring counsel to disgorge those improperly acquired

2

attorney fees in a specific dollar amount to the source of such funds by May 28, 2004." Id.

Subsequent to the order finding counsels' conduct to be sanctionable, yet prior to a determination of the final amount of the sanction, counsel filed motions for the court to reconsider its March 29, 2004 order. Counsels' motions were brought pursuant to Federal Rules of Civil Procedure 59(a) and 59(e), or in the alternative, 60(b). On April 23, 2004, the court denied these motions as, *inter alia*, untimely. See Opinions of April 23, 2004 [docket entries 160-1; 166-1; 171-1]. In the decisions denying these motions, the court stated that the March 29, 2004 order was interlocutory because the amount of the sanction had yet to be determined, and as such relief under Rules 59 or 60 was inappropriate. See id.

On April 26, 2004, counsel submitted their court-ordered accountings. On May 4, 2004, the court entered a Final Judgment Imposing Sanctions Against Anthony Pinelli, Alan R. Brunell and Edward R. Theobald ("Final Judgment"). See Schmude v. Sheahan, et al.,--F. Supp. 2d--, 2004 WL 1045798 (N.D. Ill. May 4, 2004). The court ordered counsel to each pay a sanction of $5,000.00 to the Clerk of the United States District Court for the Northern District of Illinois by May 28, 2004. See id. at *40. The court also imposed the sanction of disgorgement in a sum certain as to each attorney, ordering counsel to disgorge those amounts of improperly obtained attorney fees to Cook County by May 28, 2004, and to certify compliance with the court's order by June 14, 2004. See id. Lastly, the court also "enjoined [counsel] from seeking attorney fees or receiving remuneration from Cook County for their representation of their clients in this case or for defending themselves against the Rule to Show Cause and resultant proceedings." Id. The court also indicated that in order to ensure compliance with the court's orders, the injunction would be reviewed at six-month intervals from the date of entry of judgment. See id.

On May 17, 2004, attorney Theobald filed two additional motions. The first motion was styled as an "Emergency Unopposed Motion of Edward R. Theobald to Stay Judgment and to Amend the May 4, 2004 Judgment," brought pursuant to Federal Rule of Civil Procedure 62(b). The second motion was styled as a "Motion to Vacate or Amend the May 4, 2004 Judgment and Demand for a Hearing on the Merits," brought pursuant to Federal Rules of Civil Procedure 59(a), 59(e) and 61.

The following day, on May 18, 2004, attorney Theobald presented those motions in court and requested the court to rule on an expedited basis. At that time, the following exchange took place:

> MR. THEOBALD:
> I have two motions before you today.
> COURT:
> I have looked at the motions. If you want to, in terms of presenting them, to make any comments or any remarks, you may do so. But the Court has received the motions and would get to them expeditiously.
> But I don't want to deny you the opportunity to say anything that you want to say.
> MR. THEOBALD:
> Well, all I would ask, Judge - - I would stand on the motions.
> . . .
> I was just going to ask you if you could rule on these - - I know I just gave them to you - - today or tomorrow, you know.
> Because if they are denied - - well, excuse me - - if the motion to stay is denied, then I have to actually come back before you again, I guess, and ask you to - - and then file a notice of appeal - - I would have to ask you again to rule on that - - and then I would seek relief from the Seventh Circuit.
> So timing is an issue with the payment due a week from Friday.
> COURT:
> All right. I will - - I have already looked at them once. I will look at them in greater detail, examine all the issues, read the law, and enter an order expeditiously.
> MR. THEOBALD:
> Do you have any idea when? Is tomorrow out of the question or - -
> COURT:
> No, it's not out of the question.
> MR. THEOBALD:
> Okay.
> COURT:
> I don't want to make that kind of a firm commitment. I have a few other things to do around here.

4

> MR. THEOBALD:
> I understand. I just want you to know that after this - - the way I understand the rules
> - - if these motions are denied, I have to come back again, and then an appeal is filed.
> That's the way - -
> COURT:
> I will say this: that I will move expeditiously. But I want to be contemplative. I want
> to look at everything - -
> MR. THEOBALD:
> All right.
> COURT:
> – and be sure what I'm doing is correct.
> But I will make every effort to move expeditiously.
> MR. THEOBALD:
> All right. Thanks.
> COURT:
> Thank you, counsel.

Trans. of May 18, 2004 Hearing, pg. 2 - 4. The court accommodated that request for an expedited ruling. That very day, on May 18, 2004, the court granted attorney Theobald's motion to stay in part and denied it in part. See Minute Order of May 18, 2004. The following day, on May 19, 2004, the court issued a 13-page opinion denying the "Motion to Vacate or Amend the May 4, 2004 Judgment and Demand for a Hearing on the Merits," brought pursuant to Federal Rules of Civil Procedure 59(a), 59(e) and 61. See Opinion of May 19, 2004.

On May 19, 2004, only hours prior to the court's issuance of the opinion denying relief pursuant to Federal Rules of Civil Procedure 59 and 61, attorney Theobald filed the instant "Motion to Clarify This Court's May 18, 2004 Order to Vacate the May 28, 2004 Due Date for Mr. Theobald to Pay Sanctions." The instant motion indicates that it is brought pursuant to Federal Rule of Civil Procedure 62(b), and requests the court to clarify its May 18, 2004 order and for an extension of at least thirty days to pay the sanction. The following day, on May 20, 2004, attorney Theobald presented the instant motion in court. At that time, the following exchange took place:

MR. THEOBALD:
This is my motion to clarify your order.
I think your ruling yesterday denying my motion for Rule 59 relief takes most of my motion - - makes it moot.
So all I'm asking for is the second part of what I have asked for here is - - originally asked for in the motion to stay, which is unopposed by Cook County - - is to give me an additional 30 days from your ruling yesterday to comply with the payment of the fine and the disgorgement.
COURT:
All right. I will, once again, examine the entire matter, and review your most recent motions, the Court's most recent rulings, and before the end of the day enter an appropriate order.

Trans. of May 20, 2004 Hearing, pg. 2.

## II. DISCUSSION

While attorney Theobald has conceded that most of the instant motion has been rendered moot as a result of the court's May 19, 2004 opinion, with an abundance of caution, the court will address the motion. The May 18, 2004 order, of which clarification is sought, provided, *in toto*:

> Before the court is Edward R. Theobald's motion styled as an "Emergency Unopposed Motion of Edward R. Theobald to Stay Judgment and to Amend the May 4, 2004 Judgment." For the following reasons the motion is granted in part and denied in part.
> Edward R. Theobald ("Theobald"), pursuant to Federal Rule of Civil Procedure 62 (b) is seeking:
> to stay enforcement, without posting a bond, of the May 4, 2004 judgment entered on May 5, 2004, pending disposition of Mr. Theobald's Fed.R.Civ.P 59 and 61 motion and pursuant to Fed.R.Civ.P 62(b) or 59(e) to amend the May 4, 2004 judgment to extend the date when he must pay a $5,000 fine and disgorge $301,321.29 until 60 days after the Court decides Mr. Theobald's motion filed under Fed.R.Civ.P. 59 and 61, or if the Seventh Circuit denies his Petition for Rehearing in *Alan R. Brunell, et al. v. Charles R. Norgle*, 04-1864, to extend the date for Mr. Theobald to pay the sanctions for 60 days, which ever is later.
> See Theobald's Motion pg. 1. (footnote omitted).
> Rule 62(b) permits the district court to issue a stay of execution during the pendency of a timely filed motion for new trial or a motion to amend the judgment under Rule 59. See Houben v. Telular Corp., 309 F.3d 1028, 1040 (7th Cir. 2002); see also Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc., 585 F.2d 821, 846-47 (7th Cir.

1978); Wolfgang v. Mid-American Motorsports, Inc., 914 F.Supp. 434, 440-41 (D.Kan. 1996). Specifically, Rule 62(b) states that "in its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for a new trial or to alter or amend a judgment made pursuant to Rule 59 . . . ." Fed. R. Civ. P. 62(b). Theobald has timely filed his 59(e) motion and it is currently under advisement. Therefore, to the extent that Theobald seeks a stay until the Court rules on Theobald's Motion for Reconsideration Pursuant to Rule 59 the motion is granted. To the extent that Theobald seeks additional relief it is denied. "[O]nce an appeal is taken (which cannot occur until after the disposition of the Rule 50/59 motions), the court may continue the stay of execution if the appellant files a supersedeas bond during the pendency of any appeal." See Houben, 309 F.3d at 1040; see also Fed. R. Civ. P. 62(d). It is so ordered.

Minute Order of May 18, 2004.

Thus, in summary, the May 18, 2004 order indicated that the May 4, 2004 Final Judgment was stayed pending the court's decision on attorney Theobald's motion seeking relief pursuant to Federal Rules of Civil Procedure 59 and 61. At the request of attorney Theobald, the court issued its decision on the motion seeking relief pursuant to Federal Rules of Civil Procedure 59 and 61 on an expedited basis. In fact, the very next day, on May 19, 2004, the court issued its decision denying the motion seeking relief pursuant to Federal Rules of Civil Procedure 59 and 61. See Opinion of May 19, 2004.

The prayer for relief in the instant motion requests the court to:

1. Clarify this court's May 18, 2004 order and to indicate whether the May 28, 2004 due date for Mr. Theobald to pay a $5,000.00 fine and disgorge $301,321.29 in attorney's fees has been vacated by this court's May 18, 2004 order and if so,
2. If this court denies Edward Theobald's motion to vacate the May 4, 2004 judgment pursuant to Rules 59 and 61 of the Fed.R.Civ.P., give Mr. Theobald at least thirty (30) days thereafter to pay any sanctions.

Theobald Mot. of May 19, 2004, at 2. To elucidate the matter, the court's May 18, 2004 order did not vacate the court's May 4, 2004 Final Judgment. The court's May 18, 2004 order simply stayed

7

the Final Judgment, pursuant to Federal Rule of Civil Procedure 62(b), pending the ruling on attorney Theobald's motion seeking relief pursuant to Federal Rules of Civil Procedure 59 and 61. After thorough review, the day following its presentment, the court denied the motion seeking relief pursuant to Federal Rules of Civil Procedure 59 and 61. See Opinion of May 19, 2004. The May 4, 2004 Final Judgment, ordering attorney Theobald to pay a sanction of $5,000.00 to the Clerk of the United States District Court for the Northern District of Illinois by May 28, 2004 and to disgorge $301,321.29 in improperly obtained attorney fees to Cook County by May 28, 2004, stands.

Attorney Theobald's request, brought pursuant to Federal Rule of Civil Procedure 62(b), for "at least thirty (30) days thereafter to pay any sanctions" is denied as moot in light of the court's May 19, 2004 order denying his motion seeking relief pursuant to Federal Rules of Civil Procedure 59 and 61. Rule 62(b) states that "in its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for a new trial or to alter or amend a judgment made pursuant to Rule 59 . . . ." Fed. R. Civ. P. 62(b). Theobald's motion seeking relief pursuant to Federal Rules of Civil Procedure 59 and 61 has been denied, and Rule 62(b) is no longer applicable. Furthermore, the motion is silent with respect to any facts or reasons that would support such relief, and thus, is reduced to a mere request, unsupported by argument or citation to case law authority. See Theobald Mot. of May 19, 2004, at 2 (prayer for relief, ¶ 2).

To make the point eminently clear, on March 29, 2004, court stated that "[o]nce counsel submit such accountings, the court will enter an order requiring counsel to disgorge those improperly acquired attorney fees in a specific dollar amount to the source of such funds by May 28, 2004." Schmude v. Sheahan, --F. Supp. 2d--, 2004 WL 718501, at *44 (N.D. Ill. March 29, 2004). On May

4, 2004, the court ordered attorney Theobald to pay a sanction of $5,000.00 to the Clerk of the United States District Court for the Northern District of Illinois by May 28, 2004 and to disgorge $301,321.29 in improperly obtained attorney fees to Cook County by May 28, 2004. See Schmude v. Sheahan, et al.,--F. Supp. 2d--, 2004 WL 1045798, at *40 (N.D. Ill. May 4, 2004). The ultimate sanction in this matter has been tailored to the particular wrong at issue, and nothing has altered the court's careful case-specific consideration given in reaching that sanction. See generally Chambers v. NASCO, Inc., 501 U.S. 32 (1991).

### III. CONCLUSION

For the foregoing reasons, Edward Theobald's motion, styled "Motion to Clarify This Court's May 18, 2004 Order to Vacate the May 28, 2004 Due Date for Mr. Theobald to Pay Sanctions," is denied.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 5-20-04