Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 4580 | DATE | 5/24/2004 |
| CASE TITLE | Schmude vs. Sheahan, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Theobald's Motion to Stay Sanction, without Posting Bond, Pending Appeal

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Edward R. Theobald's motion styled as an "Agreed Motion to Stay Enforcement of the Judgment Pending Appeal Without Posting a Bond" is denied. See attached.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 25 2004 date docketed | |
| | Notified counsel by telephone. | | | 183 |
| X | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | 2004 MAY 24 PM 2:19 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JOAN SCHMUDE, Administrator of the )
Estate of Louis Schmude )
 )
      Plaintiff, )
 )
v. ) Case No. 00 C 4580
 ) Honorable Charles R. Norgle
 )
MICHAEL SHEAHAN, in his official )
capacity as Cook County Sheriff, )
WILLIAM SPATZ, PATRICIA PULTZ, )
and LAWRENCE KOSCIANSKI )
 )
      Defendants. )

DOCKETED
MAY 25 2004

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge:

Before the court is Edward R. Theobald's motion styled as an "Agreed Motion to Stay Enforcement of the Judgment Pending Appeal Without Posting a Bond," brought pursuant to Federal Rules of Civil Procedure 62(c) and 62(d). For the following reasons, the motion is denied.

## I. BACKGROUND

On March 29, 2004, the court issued an order finding that the conduct of Anthony Pinelli, Alan R. Brunell and Edward R. Theobald (collectively "counsel") was sanctionable, stating:

> The court finds that attorneys Edward R. Theobald, Alan R. Brunell and Anthony Pinelli have disobeyed the orders of the United States District Court and acted improperly by seeking and obtaining numerous awards of attorney fees, as improperly appointed counsel, in the Circuit Court of Cook County, after the entire cause of action had been removed to the United States District Court. Further, counsel proceeded with that conduct after a motion to remand had been denied, while that issue of remand was on appeal in the Seventh Circuit and after the Seventh Circuit's decision, after they were aware that the court was handling issues of appointments and awards of attorney fees pursuant to 55 Ill. Comp. Stat. § 5/3-9008 for other attorneys in the case, and despite the court's repeated admonitions that further litigation in the state court would be in contravention of the federal court's jurisdiction and improper. Additionally, the court finds that the statements and actions of each attorney violated their duty of candor to the court. The sanctionable conduct of each officer of the court was willful, intentional and repeated, and was an attempt to circumvent the United States District Court's

> removal jurisdiction. Attorneys Edward R. Theobald, Alan R. Brunell and
> Anthony Pinelli are hereby sanctioned pursuant to the court's inherent powers.

See Schmude v. Sheahan, et al.,--F. Supp. 2d--, 2004 WL 718501, *43 (N.D. Ill. March 29, 2004). The court sanctioned counsel, ordering disgorgement of all improperly acquired attorney fees and payment of a $5,000.00 fine. See id. at *44. In order to assess the exact amount of disgorgement, the court ordered that counsel file "a detailed accounting of all fees requested and received in the Circuit Court of Cook County which relate to this civil matter, including copies of all pleadings filed by counsel, orders entered by the Circuit Court of Cook County, and all fee petitions submitted to date" within 28 days of the court's order. See id. The court stated that "[o]nce counsel submit such accountings, the court will enter an order requiring counsel to disgorge those improperly acquired attorney fees in a specific dollar amount to the source of such funds by May 28, 2004." See id. On April 26, 2004, counsel submitted their accountings to the court. On May 4, 2004, the court entered a Final Judgment Imposing Sanctions Against Anthony Pinelli, Alan R. Brunell and Edward R. Theobald. See Schmude v. Sheahan, et al., -- F. Supp. 2d --, 2004 WL 1045798 (N.D. Ill. May 4, 2004). The court ordered counsel to pay a sanction of $5,000.00 to the Clerk of the United States District Court for the Northern District of Illinois by May 28, 2004. See id. at 40. The court also imposed the sanction of disgorgement, ordering counsel to disgorge the full amounts of improperly obtained attorneys to Cook County by May 28, 2004, and to certify compliance with the court's order by June 14, 2004. See id. Lastly, the court also "enjoined [counsel] from seeking attorney fees or receiving remuneration from Cook County for their representation of their clients in this case or for defending themselves against the Rule to Show Cause and resultant proceedings." Id. The court also indicated that in order to ensure compliance with the court's orders, the injunction would be reviewed at six-month intervals from the date of entry of judgment. See id.

The court has addressed numerous other motions filed by counsel, and issued decisions, which are not directly relevant to the instant motion. The court will now proceed to address the instant motion.

## II. DISCUSSION

*A. Standard of Decision*

Attorney Theobald[1] is asking the court to stay enforcement of the court's May 4, 2004 sanction order pending appeal, without posting a supersedeas bond, pursuant to Federal Rules of Civil Procedure 62(c) and 62(d). Rules 62(c) and 62(d) state:

> (c) Injunction Pending Appeal. When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party. . . .
> (d) Stay Upon Appeal. When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

Fed. R. Civ. P. 62(c, d).

Under Rule 62(d), a party may obtain an automatic stay of execution of a money judgment pending appeal by posting a supersedeas bond. See BASF Corp. v. Old World Trading Co., 979 F.2d 615, 616 (7th Cir.1992); see also Northern District of Illinois Local Rules 62.1, 65.1 and 65.2 (discussing procedures for supersedeas bond). In the instant motion, attorney Theobald requests the court to stay enforcement of the court's May 4, 2004 sanction order without first requiring him to post a supersedeas bond; thus, he is not entitled to a stay as a matter of right. See Fed. R. Civ. P. 62(d); BASF, 979 F.2d at 616.

In its discretion, however, the district court may waive the bond requirement. See Dillon v. City of Chicago, 866 F.2d 902, 904 (7th Cir.1988); see also Olympia Equip. Leasing Co. v. Western Union Tel. Co., 786 F.2d 794, 796 (7th Cir. 1986) (indicating that sometimes equivalent security may replace the bond). When determining whether to waive the posting of bond, the court looks to several criteria, including: (1) the complexity of the collection process; (2) the

---

[1] Noteworthy, attorney Theobald has signed the instant motion while Robert V. Boharic has filed an appearance in this case as counsel for Theobald. See Attorney Appearance of Robert V. Boharic [docket entry 139-1].

3

amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the movant's ability to the bond to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the movant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. See Dillon, 866 F.2d at 904-05 (citations omitted). However, before the court can exercise its discretion to grant a stay without a bond, it must first determine whether a stay is warranted.

The United States Supreme Court has set forth the general factors regulating the issuance of a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987) (citations omitted); see also Bradford-Scott Data Corp. v. Physician Computer Network, Inc., 128 F.3d 504, 505 (7th Cir. 1997); Glick v. Koenig, 766 F.2d 265, 269 (7th Cir. 1985). "Since the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a set of rigid rules." Id. at 777. Further, a request for a stay is a request for extraordinary relief, equitable in character, and the movant bears a heavy burden. See Winston-Salem/Forsyth County Bd. of Educ. v. Scott, 404 U.S. 1221, 1231 (1971) (Burger, C.J., in chambers); Chan v. Wodnicki, 67 F.3d 137, 139 (7th Cir. 1995).

### B. *Analysis of Stay Factors under Rules 62(c) and (d)*

#### *1. Likelihood of Success on the Merits*

Attorney Theobald has not made a sufficient showing of his likelihood of success on the merits. "In the context of a stay pending appeal, where the applicant's arguments have already been evaluated on the success scale, the applicant must make a stronger threshold showing of likelihood of success to meet his burden." In re Forty-Eight Insulations, 115 F.3d 1294, 1300-01

(7th Cir. 1997) (citation omitted). Further, the Seventh Circuit has stated: "Our case law is adamant that an appellant faces an uphill battle in seeking to reverse an award of sanctions by the district court." Langley v. Union Elec. Co., 107 F.3d 510, 513 (7th Cir. 1997) (citing Marrocco v. General Motors Corp., 966 F.2d 220, 223 (7th Cir. 1992) ("We cannot understate the difficulty of the task litigants face when challenging a district court's choice of sanctions.")).

To reiterate, in the Rule to Show Cause, the court framed the issues to which counsel were ordered to respond. The Rule to Show Cause alleged that counsel had willfully disobeyed established statutory and case law authority and the court's orders by improperly seeking to become court-appointed counsel and obtaining numerous awards of attorney fees in the Circuit Court of Cook County after the cause of action had been removed to the United States District Court for the Northern District of Illinois. The Rule to Show Cause also alleged that counsel had exhibited a lack of candor toward the court. The allegedly sanctionable conduct involved one simple matter – circumventing the federal court's removal jurisdiction and the obtaining of substantial public funds.

The instant motion simply reiterates arguments that the court has previously ruled upon and found to be without merit on numerous occasions. The arguments that are proffered as a sufficient showing of the likelihood of success on the merits present an untenable position in response to the sanction, as repeatedly indicated by the court. The court has reviewed these arguments on no less than five separate occasions. First, the court addressed these arguments in its 80-page opinion, which found that counsels' conduct was sanctionable. See Schmude v. Sheahan, et al.,--F. Supp. 2d--, 2004 WL 718501 (N.D. Ill. March 29, 2004). Second, the court reviewed these arguments in its 9-page opinion, which found the first motion to reconsider to be untimely because the amount of the sanction had yet to be determined. See Opinion of April 23, 2004 [docket entry 166-1]. Third, the court reviewed these arguments in its 60-page final order imposing sanctions. See Schmude v. Sheahan, et al., -- F. Supp. 2d --, 2004 WL 1045798 (N.D.

Ill. May 4, 2004). Fourth, the court again reviewed these arguments in its 13-page opinion, which found the second (timely) motion to reconsider to be without merit. See Opinion of May 19, 2004 [docket entry 176-1]. Lastly, here they are again. For all the reasons stated in the court's initial opinion finding that counsels' conduct was sanctionable, these arguments are largely immaterial, failing to respond to the discrete acts alleged by the Rule to Show Cause and later found to be sanctionable, and equally without merit. See Schmude v. Sheahan, et al.,--F. Supp. 2d--, 2004 WL 718501 (N.D. Ill. March 29, 2004). In sum, attorney Theobald has not made a sufficient showing of the likelihood that the court's sanction will be reversed on appeal.

*2. Irreparable Injury to Attorney Theobald*

Additionally, attorney Theobald's paltry submission, containing various self-serving statements, does not provide the court with a basis for waiving the requisite supersedeas bond. Attorney Theobald states that his financial situation is such that the immediate payment of the sanction and disgorgement of ill-gotten fees, or the posting of a supersedeas bond, would cause him economic hardship and place his creditors in an insecure position. See Theobald Mot. of May 20, 2004, at 13-14. No realistic assessment of the scanty financial information given by Theobald can support a bondless appeal.

As a preliminary matter, mere economic injury does not equate to irreparable injury. Further, the assertions of Theobald about his dire financial condition are unsubstantiated. He presents nothing to indicate his personnel balance sheet or income at relevant times. Thus, on the other hand, attorney Theobald has represented to the court very reason why parties are required to post a supersedeas bond, to ensure that once a sanction or monetary judgment has been imposed that payment will be made and a court's order or judgment will not be thwarted. See BASF, 979 F.2d at 617 ("A bond secures both sides: the winner is sure to recover if the judgment is affirmed, and the loser need not fear inability to recoup if the judgment is reversed.").

The sanction is case-specific and directed at Edward R. Theobald, an officer of the court. The court, in fixing the amount of the disgorgement, cannot consider the economic circumstances of a wrongdoer. The economic circumstances of the wrongdoer may be considered regarding the manner and schedule of payments to recoup the loss; however, the economic circumstances of the wrongdoer do not vitiate the obligation to recoup the loss. One cannot retain that to which one is not entitled. Theobald personally is to return the money to the public fund.

The argument of irreparable injury to attorney Theobald based upon having to disgorge improperly obtained attorney fees rings hollow. In short, attorney Theobald has not established that he will be irreparably injured absent a stay pending appeal.

*3. Substantial Injury to Other Parties / Public Interest*

In its simplest terms, the court has found that attorney Theobald went improperly to the well to draw $301, 321.29. The court rejects his argument that he should be permitted to continue with that sanctionable conduct by returning to draw again from the public well to supply bond funds and support expenses of appealing the sanction. To allow otherwise would thwart the court-ordered sanction of disgorgement of ill-gotten public funds, and in effect reward the sanctionable conduct.

Lastly, the sanctionable conduct at issue in this matter was an affront to the federal court, and well-settled principles and federalism and comity. The public interest requires that the courts remain able to address conduct that calls their authority and jurisdiction into question.

Attorney Theobald has failed to establish that other parties would not be substantially injured, nor that the public interest would not be adversely affected, by the issuance of the stay.

## III. CONCLUSION

Attorney Theobald has presented nothing to the court that would implicate its equitable discretion to grant a stay of the court's May 4, 2004 sanction order, without posting a supersedeas bond, pending appeal. For the foregoing reasons, Edward R. Theobald's motion styled as an "Agreed Motion to Stay Enforcement of the Judgment Pending Appeal Without Posting a Bond" is denied.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 5-24-04