Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4580 | **DATE** | 6/1/2004 |
| **CASE TITLE** | Schmude, et al. vs. Sheahan, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motion to Terminate Appointment as Special State's Attorney

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The Motion to Terminate Appointment as Special State's Attorney, which requests the court to terminate the status of John F. Kennedy, Brian F. Hynes and Steven J. Thompson as Special State's Attorneys representing Defendant, Cook County Sheriff Michael Sheahan is granted. See attached.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 0 2 2004 | |
| | Notified counsel by telephone. | date docketed | 193 |
| X | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office  mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JOAN SCHMUDE, Administrator of the )
Estate of Louis Schmude )
        Plaintiff, )
         )
v. ) Case No. 00 C 4580
         ) Honorable Charles R. Norgle
MICHAEL SHEAHAN, in his official )
capacity as Cook County Sheriff, )
WILLIAM SPATZ, PATRICIA PULTZ, )
and LAWRENCE KOSCIANSKI )
        Defendants. )

**DOCKETED**
JUN 0 2 2004

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge:

Before the court is the Motion to Terminate Appointment as Special State's Attorney, which requests the court to terminate the status of John F. Kennedy, Brian F. Hynes and Steven J. Thompson as Special State's Attorneys representing Defendant, Cook County Sheriff Michael Sheahan. For the following reasons, the motion is granted.

## I. BACKGROUND

On June 20, 2000, Plaintiff (hereinafter "the Estate") filed its original complaint in the Circuit Court of Cook County, naming only one Defendant, Cook County Sheriff Michael Sheahan (hereinafter "the Sheriff"). Three individual Sheriff's Deputies, William Spatz, Patricia Pultz and Larry Koscianski, were subsequently added as additional Defendants. The Estate claimed that the Sheriff, in his official capacity, and the individual Sheriff's Deputies, in their individual capacities, were liable under 42 U.S.C. § 1983 and various state law theories for damages arising out of Louis Schmude's death, which occurred while he was in the custody of the Cook County Sheriff's Department.

The Cook County State's Attorneys Office determined that a conflict of interest would exist if it represented the Sheriff, and so on July 6, 2000, Tyrone C. Fahner, Brian F. Hynes and Michael K. Forde of the law firm of Mayer, Brown & Platt (collectively "Mayer, Brown & Platt attorneys") were appointed to represent the Sheriff as Special State's Attorneys in the Circuit Court of Cook County by the Honorable David R. Donnersberger, the judge before whom the case was pending.

On July 27, 2000, the Sheriff filed a Notice of Removal in the United States District Court for the Northern District of Illinois. In accordance with 28 U.S.C. § 1450, the appointments of attorneys Fahner, Hynes and Forde as Special State's Attorneys remained in effect when the case was later removed to federal court.

After removal, on November 3, 2000, attorney Hynes filed a motion in the Circuit Court of Cook County before the Honorable David R. Donnersberger seeking to amend his appointment as a Special State's Attorney. That motion stated that it was seeking to amend the appointment as a result of attorney Hynes having changed law firms. Specifically, that motion asked the state court to amend the appointment to allow Tyrone C. Fahner, Brian F. Hynes, Robert H. King, Jr. and Michael D. Smith of the law firm of Greenberg Traurig, P.C. (collectively "Greenberg Traurig attorneys") to represent the Sheriff as Special State's Attorneys. By order dated November 6, 2000, the Honorable David R. Donnersberger denied that motion, recognizing the fact that jurisdiction in the state court had ceased upon removal to the federal court.

Thereafter, on December 28, 2000, attorney Hynes, and other attorneys from the law firm to which he had moved, properly filed that motion seeking to amend his appointment as a Special State's Attorney in federal court. The court granted that motion, and instructed the attorneys appointed as Special State's Attorneys to represent the Sheriff of the procedure to seek attorney fee

2

awards. On April 4, 2001, the Mayer, Brown & Platt attorneys filed a petition for attorney fees for work performed prior to removal, which the court granted. On November 18, 2002, the Greenberg Traurig attorneys also filed a petition for attorney fees, which the court granted.

On May 19, 2003, due to another one of the Sheriff's attorneys having changed law firms, the Sheriff filed another motion to amend the appointment to allow Brian F. Hynes, John F. Kennedy and Steven J. Thompson of the law firm of Shefsky & Froelich Ltd. (collectively Shefsky & Froelich attorneys") to represent the Sheriff as Special State's Attorneys.[1] The court granted that motion and again instructed the Sheriff's attorneys on the procedure for attorney fee awards.

Throughout this matter, the court reiterated that it had jurisdiction over all matters, including issues concerning representation and awards of attorney fees. On May 27, 2003, the court entered a Case Management order to that effect, instructing all attorneys appointed as Special State's Attorneys by this court to submit periodic fee petitions at 28 day intervals. The attorneys appointed as Special State's Attorneys to represent the Sheriff have complied with that order, and the court has subsequently awarded additional attorney fee awards.

In contrast to the proper litigation conduct shown by the attorneys representing the Sheriff as Special State's Attorneys, the attorneys for the individual Sheriff's Deputies, Edward R. Theobald, Alan R. Brunell and Anthony Pinelli, chose another form of conduct. Following removal and repeated admonitions that further proceedings regarding this case in the state court would be improper, those attorneys repeatedly circumvented the federal court's authority and jurisdiction by improperly obtaining court orders appointing them as Special State's Attorneys to represent the

---

[1] Attorney Kennedy filed his appearance on May 30, 2003, attorney Hynes filed his appearance on June 4, 2003 and attorney Thompson filed his appearance on July 15, 2003.

3

individual Sheriff's deputies and obtaining fees and expenses in excess of $400,000 in the state court. The court ultimately sanctioned those attorneys pursuant to the court's inherent powers. See Schmude v. Sheahan, et al.,--F. Supp. 2d--, 2004 WL 718501 (N.D. Ill. March 29, 2004) (finding counsels' conduct to be sanctionable); See Schmude v. Sheahan, et al., -- F. Supp. 2d --, 2004 WL 1045798 (N.D. Ill. May 4, 2004) (final order imposing fines and disgorgement in sum certain).

Throughout the numerous pleadings and orders, which culminated in sanction of fines and disgorgement of improperly obtained attorney fees, attorneys Kennedy, Hynes and Thompson remained counsel of record for the Sheriff and have received those pleadings and orders. See Kennedy Mot., ¶ 3. Attorney Kennedy now moves the court to terminate his status as Special State's Attorneys on behalf of the Sheriff with respect to this case. See id. ¶ 4.

As repeatedly stated by the court, attorneys Kennedy, Hynes and Thompson have acted properly in amending their appointments and obtaining attorney fees awards as Special State's Attorneys for Defendant, Cook County Sheriff Michael Sheahan. These attorneys have complied with the court's directive that motions pertaining to an attorney's status as a Special State's Attorney "should be done above board, properly, formally, and consistent with the rules." Trans. of December 22, 2000, at 17. The instant motion, which formally seeks to terminate their appointments, is a clear manifestation of compliance with that directive.

## II. CONCLUSION

For the foregoing reasons, the Motion to Terminate Appointment as Special State's Attorney is granted.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 6/1/04